STEVEN CARL OLSON AND ANOTHER v.
JOHN ROGERS AND ANOTHER.

210 N. W. 2d 232.

August 24, 1973—No. 43839.

*George H. Neperud,* for appellants.
*Hulstrand, Anderson & Larson* and *Ronald C. Anderson,* for respondents.

PER CURIAM.

In this action for false arrest, false imprisonment, and malicious prosecution, judgment was entered in favor of defendants. Plaintiffs, Steven Carl Olson and Byron Carl Nystrom, moved for judgment notwithstanding the verdict or a new trial. From a denial of these motions and from the judgment, plaintiffs have taken this joint appeal.

The cases arise out of criminal charges made by defendants against plaintiffs which were ultimately dismissed for lack of probable cause. In the early evening of April 30, 1971, defendant John Rogers, the sheriff of Meeker County, received two phone calls from area residents reporting a number of cars gathering at a vacant farm near the city of Litchfield. In response to the calls, the sheriff and his deputy, defendant Charles Holtberg, proceeded to the scene. Upon arrival, the sheriff observed many young people standing near a bonfire and a tapped keg of beer. He was able to identify several minors in the group. As the sheriff approached, the young people fled. Plaintiff Olson, however, remained near the beer. After having first fled, plaintiff Nystrom returned promptly and rejoined Olson. Both plaintiffs were over 21 years of age.

Some of the minors were caught, and there was evidence that they had been drinking beer. Plaintiffs were charged with violating Minn. St. 340.79, which prohibits furnishing beer to minors. They were not placed in custody but agreed to appear for a plea. On the appointed date, plaintiffs entered a plea of not guilty and were required to post bail. During the time plaintiffs' relatives were raising bail, plaintiffs were required to wait at the sheriff's office, but they were never placed in a cell. When the bail was furnished, plaintiffs left to return on the date fixed for a preliminary hearing. The sheriff's further investigation failed to establish that plaintiffs had purchased the beer. The sheriff made a full disclosure to the county attorney, who elected to proceed with the preliminary hearing. At the conclusion of the preliminary hearing, the court dismissed the charges against plaintiffs. The court found that the charged crime had been committed but could not find probable cause that plaintiffs had committed the crime. Plaintiffs then brought these actions against the sheriff and his deputy alleging false arrest, false imprisonment, and malicious prosecution. In each case the jury returned a verdict for defendants.

Plaintiffs' principal contention seems to be that, as a matter of law, their arrest and prosecution were without probable cause and defendants knowingly acted with malice. A review of the entire proceeding makes clear that plaintiffs' claims raised fact issues which were properly and accurately submitted to the jury pursuant to proper instructions. Further, it is our opinion that the jury's verdict was amply sustained by the evidence.

Affirmed.