# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 12-3714

———————————————

William Hayden Martin

*Plaintiff - Appellant*

v.

State of Iowa; Iowa Board of Parole

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: March 24, 2014
Filed: May 19, 2014

——————————

Before LOKEN, BYE, and BENTON, Circuit Judges.

——————————

BYE, Circuit Judge.

Former Iowa inmate William Hayden Martin brought this 42 U.S.C. § 1983 complaint against the State of Iowa and the Iowa Board of Parole alleging violations of his constitutional rights based on defendants' failure to conduct in-person parole

interviews.  The district court[1] dismissed the complaint for failure to exhaust administrative remedies.  Martin filed the instant appeal and was subsequently released from custody.  On appeal, Martin argues he is not required to exhaust administrative remedies before filing a federal lawsuit.  We affirm.

I

In 2002, Martin was sentenced by an Iowa court to a ten-year term of imprisonment.  Martin discharged the sentence on September 12, 2008.  According to Martin, the sentence gave him immediate eligibility for release on parole, but the Iowa Board of Parole failed to provide Martin an annual personal interview.  On July 13, 2009, Martin received a separate and unrelated ten-year sentence by an Iowa court.  While he was incarcerated, Martin again did not have annual personal interviews in front of the parole board.

Martin commenced this lawsuit on January 14, 2011, claiming the Iowa Board of Parole and the State of Iowa violated his constitutional rights by failing to provide personal interviews.  Martin sought declaratory and injunctive relief and money damages.  Defendants filed a motion to dismiss arguing, inter alia, Martin had failed to exhaust administrative remedies.  The parties and district court agreed to brief and resolve the exhaustion issue before addressing the remaining issues.  The district court referred the exhaustion matter to United States Magistrate Judge Celeste F. Bremer, who filed a report and recommendation finding the claim should not be dismissed for failure to exhaust administrative remedies, but should be dismissed on the merits.  Martin objected to the report and recommendation and the district court ruled the case

---

[1]The Honorable Judge James E. Gritzner, United States District Judge for the Southern District of Iowa, adopting on other grounds the report and recommendation of the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. Martin timely appealed on October 26, 2012.

Thereafter, on April 18, 2013, Martin was paroled to an immediate sentence discharge and was no longer under parole supervision or the subject of any future parole release reviews absent a new criminal conviction. The defendants filed a motion before this court seeking to dismiss Martin's claims as moot. On August 26, 2013, this court found the appeal moot with respect to Martin's claims for injunctive and declaratory relief, but denied the motion with respect to the claim for damages, which we now address.

II

This court reviews *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6). Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party. Id.

The complaint filed by Martin is governed by the Prison Litigation Reform Act of 1995 ("PLRA"), which requires prisoners to exhaust certain grievance procedures before filing a civil action with respect to prison conditions in federal court. 42 U.S.C. § 1997e(a). Martin does not contest he failed to exhaust administrative remedies, but argues a complaint regarding parole procedures is not a civil action with respect to prison conditions because the parole board in Iowa is not a part of the prison itself. The PLRA broadly defines "civil action with respect to prison conditions" as

> any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include

> habeas corpus proceedings challenging the fact or duration of confinement in prison

18 U.S.C. § 3626(g)(2).

A challenge to parole procedures is a civil action with respect to prison conditions under the PLRA. Owens v. Robinson, 356 F. App'x 904, 904 (8th Cir. 2009) (per curiam) (affirming the dismissal of a similar challenge to Iowa's parole review procedure for failure to exhaust administrative remedies); Castano v. Neb. Dep't of Corr., 201 F.3d 1023, 1024-25 (8th Cir. 2000) (holding a § 1983 action alleging defendants' failure to provide qualified interpreters at disciplinary hearings and institutional programs bearing on eligibility of parole was subject to exhaustion requirements of § 1997e(a)). Martin failed to exhaust the available administrative remedies and dismissal was proper.

III

Accordingly, we affirm the judgment.

_____