# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3196
_____

Kristin M. Jones, an individual

*Plaintiff - Appellant*

v.

Douglas County Sheriff's Department, of Douglas County, Nebraska, a political
subdivision of the State of Nebraska

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 14, 2018
Filed: February 6, 2019

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

The sheriff's department of Douglas County decided not to reinstate Kristin M.
Jones. She sued Douglas County, alleging retaliation and sex, pregnancy, and
disability discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42
U.S.C. §§ 2000e-2 and 2000e-3; the Americans with Disabilities Act, 42 U.S.C. §
12101-12213; and the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev.

Stat. § 48-1101 to 1126. The district court[1] dismissed her claims as time-barred. Jones appeals the dismissal of her sex-discrimination claims. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The complaint alleges the following facts. Jones was a deputy sheriff for Douglas County. She used prescription pain medication for migraine headaches and chronic neck and back pain. After her health deteriorated, she failed a remedial qualification for the Emergency Services Unit. Douglas County tried to remove her from that unit despite retaining a male with health issues. She later requested accommodations to stay in the Fugitive Warrants unit. The head of that unit denied her request, transferred her, and disciplined her for objecting to the transfer and requesting accommodations. Midway through pregnancy, she requested light duty and Douglas County reassigned her to a desk position.

Her pregnancy exacerbated her health conditions. She struggled to stay awake at work. At Douglas County's request, the Nebraska State Patrol (with the Nebraska Attorney General) investigated Jones based on her trouble staying awake. The Patrol concluded she had acquired a controlled substance through fraud. Charged with a felony, she pled not guilty. Douglas County put her on administrative leave and terminated her one month later, in July 2014. A state court found her not guilty in July 2015.

Four months later, Jones learned of an open position for deputy sheriff. Her counsel sent a letter requesting that "Jones be reinstated with both back pay and the benefits she was denied during her leave." Douglas County denied her request on December 18, 2015. She filed a charge of discrimination with the Nebraska Equal Opportunity Commission (dual-filed with the Equal Employment Opportunity

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Commission). She alleged that by denying her reinstatement request, Douglas County retaliated and discriminated against her. The NEOC found no reasonable cause; the EEOC adopted its findings.

Jones sued Douglas County. The district court dismissed. It found that her claims were based on the facts of her termination, and that she could not "revive her time-barred claims by demanding reinstatement and relying on Douglas County's refusal as a new, discrete discriminatory act." *Jones v. Douglas Cty. Sheriff's Dep't*, 2017 WL 6520690, at *3 (D. Neb. Sept. 13, 2017), *citing* **Kaufman v. Perez**, 745 F.3d 521, 530 (D.C. Cir. 2014). She appeals the dismissal of her sex-discrimination claims, arguing Douglas County's failure to reinstate violated Title VII and the NFEPA.

This court reviews de novo the grant of a motion to dismiss, accepting "the allegations contained in the complaint as true and mak[ing] all reasonable inferences in favor of the nonmoving party." **Martin v. Iowa**, 752 F.3d 725, 727 (8th Cir. 2014). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." **Wilson v. Arkansas Dep't of Human Servs.**, 850 F.3d 368, 371 (8th Cir. 2017) (alteration in original), *quoting* **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009).

Jones had to file a charge of discrimination within 300 days after the alleged discriminatory practice. **42 U.S.C. § 2000e-5(e)(1)**; **Neb. Rev. Stat. § 48-1118(2)**; **National R.R. Passenger Corp. v. Morgan**, 536 U.S. 101, 110–11 (2002) (a party must file a timely charge "or lose the ability to recover for it"). She filed her charge on May 26, 2016. Her termination is not within the 300-day window. The reinstatement denial is.

Jones's complaint and charge of discrimination allege Douglas County refused to reinstate her due to her sex. A reinstatement denial is a discrete employment action. *See* **Parisi v. Boeing Co.**, 400 F.3d 583, 586 (8th Cir. 2005) ("[R]efusals to hire or

-3-

rehire constitute discrete employment actions."). It may be independently discriminatory. *See Morgan*, 536 U.S. at 113 (Past acts of discrimination do "not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed."); ***Kirklin v. Joshen Paper & Packaging of Ark. Co.***, 911 F.3d 530, 535–36 (8th Cir. 2018) (analyzing failure-to-rehire claim separate from time-barred claims related to plaintiff's employment, including discriminatory layoff); ***Kaufman***, 745 F.3d at 529–30 (noting a terminated employee cannot revive a time-barred claim "simply by asking, 'Am I still fired?'", but might bring an actionable failure-to-reinstate claim as "an independent discriminatory act" where there is "uncertainty regarding the initial adverse action" or "disparate treatment or bias in the reinstatement process"). *See generally **Josephs v. Pacific Bell***, 443 F.3d 1050, 1060 (9th Cir. 2006) (joining the First, Third, Fourth, Tenth, and Eleventh circuits in "expressly recogniz[ing] discriminatory failure to reinstate as a separately actionable claim").

Jones bases her Title VII claim solely on disparate treatment. To establish a prima facie case, she "must show that she is a member of a protected class who was qualified for but was denied reinstatement, while a similarly situated employee outside of her protected class . . . was reinstated." ***Jones v. Frank***, 973 F.2d 673, 676 (8th Cir. 1992). *See **Williams v. Ford Motor Co.***, 14 F.3d 1305, 1308 (8th Cir. 1994) (using *Jones* elements where plaintiff "alleged discriminatory refusal to reinstate based upon a theory of disparate treatment"). She alleges that—on information and belief—"the open position was filled with a male candidate." Jones did not plead any facts showing that candidate was similarly situated or went through a reinstatement process. Her threadbare allegation does not survive a motion to dismiss. *See **Hager v. Arkansas Dep't of Health***, 735 F.3d 1009, 1015 (8th Cir. 2013) (holding plaintiff failed to state a § 1983 claim for gender discrimination where she made a "conclusory assertion that she was discharged under circumstances similarly situated men were

not" and failed to "allege facts showing that similarly situated employees were treated differently").  Her claim fails under Title VII.

Her NFEPA claim, mirroring her Title VII claim, likewise fails.  *See **Edwards v. Hiland Roberts Dairy Co.***, 860 F.3d 1121, 1124 n.3 (8th Cir. 2017) ("We analyze discrimination claims under the NFEPA by applying the same analysis for discrimination claims under Title VII."); ***Al-Zubaidy v. TEK Indus., Inc.***, 406 F.3d 1030, 1040 (8th Cir. 2005) (noting plaintiff "would enjoy no greater success" with his discrimination and harassment claims under the NFEPA where the same claims failed under Title VII); ***Knapp v. Ruser***, 901 N.W.2d 31, 43 (Neb. 2017) ("[T]he NFEPA is patterned after federal Title VII," and Nebraska courts "look to federal court decisions construing Title VII for guidance with respect to the NFEPA.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____