# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2468

_____

Rodney Minter; Anthony Bertolone

*Plaintiffs - Appellants*

v.

Jerry Bartruff, in his official capacity as Director of the IDOC, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: June 12, 2019
Filed: September 19, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Iowa inmates Rodney Minter and Anthony Bertolone brought this § 1983 action against the Iowa Department of Corrections ("IDOC") and four IDOC officials acting in their official capacities, alleging that IDOC's administration of its Sex Offender Treatment Program violates their constitutional rights to equal protection, due process, and necessary medical care. The district court dismissed these federal claims without prejudice for failure to exhaust administrative remedies, as 42 U.S.C.

§ 1997e(a) requires, and as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismissed the entire action. Minter and Bertolone appeal. Reviewing the dismissal of their federal claims under Rule 12(b)(6) *de novo*, we reverse in part and remand. <u>See</u> <u>Martin v. Iowa</u>, 752 F.3d 725, 727 (8th Cir. 2014) (standard of review).

### I. Background.

Minter and Bertolone were convicted of Iowa sexual abuse offenses in 2012 and 2013. Each was sentenced to serve a lengthy prison term. Their Complaint alleges: (i) they are required to complete Iowa's Sex Offender Treatment Program ("SOTP"), a six to eighteen month program; (ii) satisfactory completion of the SOTP program reduces an inmate's sentence by accruing earned-time credits that shorten his date of discharge; (iii) IDOC offers the SOTP program only at a single, overcrowded correctional facility; and (iv) plaintiffs are unable to participate in the program because of its limited capacity, which under Iowa Code § 903A.2(2) prevents any reduction of their sentences. They allege that exclusion from the SOTP program deprives them of their Fourteenth Amendment procedural and substantive due process liberty rights and to equal protection of the law, and their Eighth Amendment right to necessary psychological or psychiatric medical care. The Complaint seeks actual and punitive damages, attorneys' fees, and entry of a lengthy order that would mandate the recalculation of earned-time credits and effectively require the district court to micro-manage the IDOC's SOTP program.

The district court granted Defendants' motion to dismiss without prejudice on two grounds. First, the court ruled that Plaintiffs failed to exhaust administrative remedies before bringing suit under 42 U.S.C. § 1983, as 42 U.S.C. § 1997e(a) requires. Second, the court ruled that "success on their claims would necessarily implicate the invalidity of their lost earned-time credits," and therefore the suit was <u>Heck</u>-barred. Plaintiffs appeal, arguing Defendants have not met their burden to

establish the affirmative defense of failure to exhaust, and their suit is not precluded under Heck. We agree with the first contention and, in part, with the second.

## II. Failure to Exhaust Administrative Remedies.

We are once again called upon to interpret 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted.

In Belk v. State, the Supreme Court of Iowa held that an inmate may file an action for state post-conviction relief under Iowa Code § 822.2(1)(e) "when alleging an unconstitutional denial of his or her liberty interest based on the IDOC's failure to offer SOTP when SOTP is a necessary prerequisite to parole." 905 N.W.2d 185, 191 (Iowa 2017). The district court concluded that the federal claims must be dismissed without prejudice under 42 U.S.C. § 1997e(a) because "plaintiffs have not exhausted their available postconviction remedies" under Belk. We disagree.

The district court's conclusion that state post-conviction *judicial* remedies are "administrative remedies" that must be exhausted under § 1997e(a) is contrary to the plain meaning of the statute. The term "administrative remedies" is not defined in the PLRA so we look to its plain meaning. Consistent with common understanding, Black's Law Dictionary defines "administrative remedy" as "[a] nonjudicial remedy provided by an administrative agency." BLACK'S LAW DICTIONARY 1320 (8th ed. 2004). In Iowa, as elsewhere, "[a] postconviction proceeding is a civil action." Belk, 905 N.W.2d at 188. Defendants cite no case holding that post-conviction judicial

-3-

remedies are "administrative remedies" that must be exhausted under § 1997e(a). We have not found an opinion that even addresses the question.

Moreover, requiring exhaustion of state judicial remedies under § 1997e(a) would modify the well-established principle that exhaustion of state remedies "is *not* a prerequisite to an action under § 1983," even an action by a state prisoner. Patsy v. Bd. of Regents of Fla., 457 U.S. 496, 501, 507 (1982) (emphasis added). This likely explains why Congress chose to limit § 1997e(a) exhaustion to "administrative remedies." As the Supreme Court has repeatedly noted, a primary purpose of the PLRA's mandatory exhaustion requirement is -

> to reduce the quantity and improve the quality of prisoner suits. . . . In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, there obviating the need for litigation.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002), citing Booth v. Churner, 532 U.S. 731, 737 (2001). Exhaustion of state judicial remedies does not serve this purpose (at least not directly), reinforcing our conclusion that "administrative remedies" should be construed consistent with its plain meaning. Compare Booth, 532 U.S. at 737-39.

Our conclusion that Plaintiffs need not exhaust the state judicial remedy authorized in Belk does not end the exhaustion inquiry. Plaintiffs' § 1983 suit is an action "with respect to prison conditions" and therefore is subject to § 1997e(a)'s requirement that Plaintiffs exhaust "such administrative remedies as are available." See Martin, 752 F.3d at 727; 18 U.S.C. § 3626(g)(2). Defendants argue that, "to the extent applicable, [Plaintiffs] may have to proceed with an administrative grievance in the prison's grievance system." Failure to exhaust is an affirmative defense under the PLRA; "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Defendants have not

-4-

identified what administrative remedies may be available, and it is far from evident what those remedies might be. Moreover, if Defendants identify a specific remedy, Plaintiffs have the opportunity to contest whether that remedy is "available." See Ross v. Blake, 136 S. Ct. 1850, 1860-62 (2016); Porter v. Sturm, 781 F.3d 448, 451-52 (8th Cir. 2015). These are not issues that can be resolved on this record.

### III. Are the Claims Heck-Barred?

Alternatively, the district court held that Plaintiffs "do not yet have a cause of action under § 1983" because "success on their claims would necessarily imply the invalidity of their lost earned-time credits." This is a more complex issue, for it lies at the intersection of two distinct federal remedies, habeas corpus, which requires exhaustion of state remedies, see 28 U.S.C. § 2254(b), and § 1983, which does not. See Heck, 512 U.S. at 480-81, 490-91 (Thomas, J., concurring), 501 (Souter, J., concurring in the judgment).

Good-time (or earned-time) credits usually shorten an inmate's sentence. Therefore, when an inmate alleges unlawful deprivation of good-time credits, the relief he seeks is immediate or speedier release from imprisonment and "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Heck, the Court applied this principle to § 1983 damage actions, concluding that, if a judgment in plaintiff's favor in a § 1983 damage action "would necessarily imply the invalidity of his conviction or sentence," the action "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In Edwards v. Balisok, applying Heck, the Court held that a claim for declaratory relief and damages based on allegations "that necessarily imply the invalidity" of the loss of good-time credits is not cognizable under § 1983. 520 U.S. 641, 648 (1997); see Portley-El v. Brill, 288 F.3d 1063, 1066 (8th Cir. 2002) ("Habeas corpus, not § 1983, is the exclusive federal

remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.").

In this case, the Complaint alleged that Defendants' unconstitutional conduct deprived Plaintiffs "of their statutory right to accrue earned-time credit . . . [and] of receiving a reduction of sentence upon their completion of the SOTP." Plaintiffs requested damages and an order requiring "Defendants to recalculate . . . the Plaintiffs' accrued earned-time credit under Iowa Code section 903A.2 to reflect each day that the Plaintiffs demonstrated good conduct and a willingness [to participate] despite the IDOC's decision to not place [them] into the SOTP." Without question, this is a claim for restoration of earned-time credits, so habeas corpus is the exclusive federal remedy. The district court properly concluded this claim is Heck-barred.

However, the Complaint also included an Eighth Amendment claim that necessary medical care is being unconstitutionally denied, and claims for prospective injunctive relief to remedy allegedly unconstitutional procedures in administering the SOTP program. "Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983." Balisok, 520 U.S. at 648; see Muhammad v. Close, 540 U.S. 749, 754 (2004) ("[A]lthough [prison procedures] may affect the duration of time to be served (by bearing on the award or revocation of good-time credits) that is not necessarily so."). The district court did not consider these issues in dismissing the entire case without prejudice, and the record on appeal is inadequate to resolve them.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

_____