# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3084
_____

Terry Lynn Olson

*Plaintiff - Appellant*

v.

Janis Amatuzio, Former Wright County Medical Examiner, Tom Roy,
Commissioner, Minnesota Department of Corrections, Joan Fabian, former
Commissioner, Minnesota Department of Corrections

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 17, 2019
Filed: January 3, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.
_____

PER CURIAM.

Terry Olson appeals the district court's[1] dismissal of his complaint because it determined *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Minnesota statute of limitations, Minn. Stat. § 541.05, subd. 1(5), barred his claims. We affirm.

In 1979, police found a dead body on a road in Wright County, Minnesota. *State v. Olson*, No. A08-0084, 2009 WL 2147262, at *1 (Minn. Ct. App. July 21, 2009). "The police investigation was inconclusive and the case eventually went cold." *Id*. In 2005, after police reopened the investigation, then Wright County Medical Examiner Janis Amatuzio changed the classification of the death from undetermined to homicide. A grand jury indicted Olson later that year, and Amatuzio testified at Olson's trial in 2007 that the 1979 death was caused by one or two blows to the head. *Id*. at *1, *4. A jury convicted Olson of second and third degree murder. *Id*. at *3.

After his direct appeal and petitions for state post-conviction relief, Olson filed a petition for a writ of habeas corpus in federal court. The petition was eventually resolved when the county prosecuting authority stipulated "to the issuance of a Conditional Writ of Habeas Corpus." The stipulation stated that the prosecuting authority did "not admit any fault or wrongdoing in the original sentence" but agreed to a modification of the sentence "in an effort to bring finality to [the] proceeding and the underlying conviction." The district court issued a writ and order remanding the case to state court for resentencing. Olson was resentenced and released, and he stipulated to dismissing all his habeas claims with prejudice. The district court subsequently vacated its writ and dismissed the case with prejudice.

Then, in January 2018, Olson filed a complaint against Amatuzio and the current and former commissioners of the Minnesota Department of Corrections, Tom Roy and Joan Fabian respectively (collectively, "Commissioners"). Under 42

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

U.S.C. § 1983, Olson alleged that the Commissioners violated his substantive due process, equal protection, and Eighth Amendment rights by "imposing and maintaining" an objectively unreasonable sentence, and he argued that the sentence they imposed violated his rights under the Ex Post Facto Clause of the United States Constitution. Also under § 1983, Olson alleged that Amatuzio violated his substantive due process rights, and he brought a negligence claim against her for her decision to change the classification of the 1979 death from undetermined to homicide.

Amatuzio and the Commissioners filed motions to dismiss, *see* Fed. R. Civ. P. 12(b)(6), and the district court—the same district court that issued the conditional writ of habeas corpus—granted their motions. It determined that Olson's § 1983 claims were *Heck*-barred. It also determined that Olson's negligence claim was barred by the statute of limitations. Olson appeals.

We review *de novo* the district court's dismissal of Olson's claims under Rule 12(b)(6). *Minter v. Bartruff*, 939 F.3d 925, 926 (8th Cir. 2019). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Olson first argues that his § 1983 claims are not barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that to recover damages under § 1983 for an alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. If a plaintiff cannot make this showing, dismissal is appropriate. *Id*. at 487.

Olson argues, as he did before the district court, that the district court's writ of habeas corpus called into question his sentence. He highlights the fact that the district court's order said that "the interests of fairness, justice, and equity will be served by the issuance of an order."

We begin by emphasizing that the same judge who issued the federal writ of habeas corpus also decided this matter. In finding that the § 1983 claims were *Heck*-barred, the district court judge said Olson's "shortened sentence was achieved via a stipulation between the parties and wherein the state expressly disavowed any illegality with respect to Olson's sentence." It noted that "[t]he stipulation and the Court's subsequent writ did not mention the . . . administration of Olson's sentence" and determined that there was "no finding that the [Minnesota Department of Corrections] unlawfully incarcerated Olson." Moreover, the district court later vacated its writ after the parties' agreement was achieved, meaning it was "as if it had never been written." *Medici v. City of Chicago*, 856 F.3d 530, 533 (7th Cir. 2017); *see also Vacate*, Black's Law Dictionary (11th ed. 2019) ("To nullify or cancel; make void; invalidate"). Under *Heck*'s plain language, we agree with the district court that neither Olson's conviction nor his sentence were called into question by the (later vacated) conditional writ issued in this case. We thus conclude that the district court properly dismissed Olson's § 1983 claims.

Olson next argues that the district court erroneously determined that his negligence claim against Amatuzio is barred by the statute of limitations. In his complaint, Olson says Amatuzio was negligent by relying on eyewitness testimony "in changing the manner of [the 1979 death] from 'undetermined' to 'homicide,' an[d] by failing to conduct an objectively reasonable investigation as to the manner of [the] death." According to Olson, the eyewitness testimony was not credible. His complaint also says that Amatuzio admitted in a January 2012 affidavit and in her testimony during his post-conviction proceedings that if she had known the eyewitness was not credible, she would not have reclassified the cause of death.

Amatuzio changed the classification of the 1979 death in 2005 and testified at Olson's trial in 2007. Olson did not file his complaint until 2018, well after Minnesota's six-year statute of limitations had run. Minn. Stat. § 541.05, subd. 1(5); *see Hermeling v. Minn. Fire & Cas. Co.*, 548 N.W.2d 270, 274 (Minn. 1996) (explaining that the statute of limitations begins to run from the date of the action that caused the injury), *overruled on other grounds by Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000).

Olson nevertheless argues that the statute of limitations should be tolled because Amatuzio "fraudulently concealed the facts underlying his cause of action" when she testified at his trial. The district court dismissed Olson's claim because it determined that Olson did not plead sufficient facts that Amatuzio concealed the facts relevant to the cause of action. *See Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (per curiam) ("Where it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)."). We agree.

"Fraudulent concealment tolls the statute of limitations until the party discovers, or has a reasonable opportunity to discover, the concealed defect." *Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn. 1990). To "make a valid claim of fraudulent concealment sufficient to toll the statute of limitations," a plaintiff must show that (1) the defendant made "a statement or statements that concealed [the] potential cause of action, (2) the statement or statements were intentionally false, and (3) the concealment could not have been discovered by reasonable diligence." *Williamson v. Prasciunas*, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003).

Olson claims that Amatuzio concealed the reason why she changed the classification of the 1979 death by implying in her testimony that she made the change based on forensic science rather than witness testimony. But according to the transcript excerpt of Amatuzio's testimony in Olson's complaint, Amatuzio testified that she based her decision to change the classification on her "review of

the evidence." She did not say she based her decision on the "forensic science," nor, based on the excerpt in the complaint, did she give any indication which evidence ultimately influenced her decision. Olson's complaint says Amatuzio did not "clarify that the sole reason she changed the manner of death" was the eyewitness testimony, but "[i]n no case . . . is mere silence or failure to disclose sufficient in itself to constitute fraudulent concealment." *Goellner v. Butler*, 836 F.2d 426, 431 (8th Cir. 1988) (interpreting Minnesota law). Olson's factual allegations do not support an inference that Amatuzio intentionally concealed his cause of action.

We also agree with the district court that Olson's complaint does not contain facts that suggest he could not have discovered the alleged concealment by reasonable diligence. *See Clark v. Fabian*, No. A08-0308, 2008 WL 4977605, at *5 (Minn. Ct. App. Nov. 25, 2008) ("Nor does [the plaintiff] provide any allegations that, if true, would support a determination that this concealment could not have been discovered with due diligence before the statutes of limitations ran."). For example, Olson's complaint does not contain facts showing that he could not have asked Amatuzio to clarify upon which evidence she relied in making her decision during cross examination at his trial. *Cf. Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975) ("The party claiming fraudulent concealment has the burden of showing that the concealment could not have been discovered sooner by reasonable diligence on his part and was not the result of his own negligence."). Olson thus did not "state with particularity the circumstances constituting fraud."[2] *See* Fed. R. Civ. P. 9(b);

---

[2]After the parties submitted their briefs, Olson submitted a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, arguing that the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), "bears directly" on the statute of limitations issue. But *McDonough* involved a fabricated evidence claim under § 1983, where the Supreme Court determined the statute of limitations did not begin to run until "the criminal proceeding has ended in the defendant's favor," 139 S. Ct. at 2158, not a negligence claim under Minnesota state law, where the statute of limitations begins to run from the date of the action that caused the injury, *Hermeling*, 548 N.W.2d at 274. *See McDonough*, 139 S. Ct. at 2155 n.2 ("Accordingly, we do not address what the accrual rule would be for a claim rooted

*Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) ("Under Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, must be pleaded with particularity." (internal quotation marks and brackets omitted)).

Finally, we conclude that the district court did not abuse its discretion by not granting Olson leave to amend his complaint. *See Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1036 (8th Cir. 2019) (reviewing the denial of a request to amend a complaint for an abuse of discretion). Olson did not submit a motion to amend his complaint, nor did he submit a proposed amendment, which we have held a party must do to "preserve the right to amend a complaint." *See Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983).

For the foregoing reasons, we affirm.

_____

in other types of harm independent of a liberty deprivation, as no such claim is before us.").