# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2941
_____

Jay Nygard; Kendall Nygard

*Plaintiffs - Appellants*

v.

City of Orono, a Minnesota municipality

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 17, 2022
Filed: July 5, 2022

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jay and Kendall Nygard sued the City of Orono, Minnesota after they were prosecuted for replacing a driveway without a permit. They challenged the permit ordinance as unconstitutionally vague and raised claims of abuse of process and malicious prosecution. The district court dismissed the complaint. We reverse the district court's dismissal of Kendall Nygard's malicious-prosecution claim, but we otherwise affirm.

# I.

In October 2019, Jay Nygard replaced the driveway on a property that he owned with his wife, Kendall Nygard. On October 25, after he removed the driveway and was about to pour concrete for the new one, an inspector from the City of Orono arrived and told Nygard that he needed a permit to replace the driveway. Nygard said he would apply for one, the inspector left, and Nygard continued to work on the driveway.

The next day, Nygard finished the driveway and applied for a permit. The new driveway had a narrower width than the previous one. Nygard's permit application contained an aerial photograph of the property. In the application, Nygard referenced a wind-turbine footing to provide additional information and to address concerns relating to a separate permit application. The city sent him an individualized "Builder Acknowledgement Form" ("BAF"), which listed "permit conditions," including that (1) the driveway should have a lip so that its pavement sits "a minimum of 1 5/8 in. above [the] street pavement where the two intersect"; (2) the driveway had to be "replaced 'in kind,'" meaning it had to retain its existing width; (3) the "Wind Turbine footing" was "not permitted"; and (4) the "[h]ardcover calculations"[1] had to include a sidewalk from the driveway to the front door. The BAF stated that "[h]ardcover calculations" were "not requested or reviewed due to the replacement of the existing driveway."

Nygard emailed the city planning assistant and expressed concerns about some of the conditions. The city planning assistant replied that the city would issue the permit once Nygard signed the BAF. Nygard crossed out some of the conditions, believing they were not required under the city code or were otherwise inapplicable

---

[1]The City of Orono's website defines "hardcover" as "a hard surface that prevents or retards entry of water into the soil and causes water to run off the surface in greater quantities and at an increased rate of flow." *Hardcover Information*, City of Orono, https://ci.orono.mn.us/DocumentCenter/View/2755/Hardcover-Information-Packet-2022-pdf (last updated January 2022).

to his driveway. For example, he crossed off the condition that his driveway sit above the street pavement because the city code did not require driveway lips on streets that lacked curbs and gutters, his street lacked curbs and gutters, and none of his neighbors had driveway lips. He also crossed off the condition about the wind-turbine footing. He initialed the modified form and returned it to the city.

On October 31, the city planning assistant emailed Nygard, explaining that the city would grant a permit only if Nygard accepted all the conditions listed on the original BAF. Her email acknowledged some of Nygard's concerns and stated that the driveway lip requirement was meant to assist with Nygard's "drainage concern." Nygard responded, still objecting to the conditions as inapplicable. After further similar exchanges, Jeremy Barnhart, the Orono Community Development Director, emailed Nygard on December 12 stating that he must agree to the conditions by the end of the day, or else "this matter will be turned over to the prosecuting attorney tomorrow for possible legal action." Nygard still did not acknowledge the conditions, and the next day, Barnhart emailed a city prosecutor, asking him to "file a citation to Jay Nygard and Kendall Nygard . . . for violation of [Orono City Code] section 86-66(b)." In the email, he stated that the Nygards "have completed work without a permit and have spent the last 6 weeks arguing with [Barnhart] on requirements of the permit, after they installed the improvement."

Relying on the "reports of . . . Jeremy Barnhart," a city police officer drafted a statement of probable cause, alleging that "work had been completed without having first obtained a permit on a home" owned by Jay and Kendall Nygard. The statement asserted that the driveway did not have a lip, "the driveway that had been replaced was a non-conforming width," and "the hardcover calculations exceeded a 24-inch wide sidewalk from the driveway to the front door." According to the Nygards, the police department did not inspect the property or investigate whether these statements were true, and contrary to the probable-cause statement, "the replacement driveway pavement was above the street pavement where they intersect." On December 29, the city charged Jay and Kendall Nygard with violating Orono City Code section 86-66(b), which states that a "zoning permit application

for hardcover and/or land alteration shall be submitted by the individual performing the work prior to conducting any land alteration or hardcover installations on a property."

At trial, the state court dismissed the charge against Kendall Nygard, ruling that she could not be guilty of violating section 86-66(b) as someone who merely owned the property and did not perform or order any unauthorized work. Jay Nygard was acquitted because the driveway-lip condition was only a "suggestion" and "there was no basis for a zoning permit application for hardcover replacement" where the city had not requested "hardcover calculations." The city never officially granted or denied Nygard's permit application.

The Nygards sued the city in federal court under 42 U.S.C. § 1983, claiming section 86-66 is void for vagueness. They also raised a First Amendment retaliation claim, an abuse-of-process claim, and a malicious-prosecution claim. The district court dismissed all claims under Federal Rule of Civil Procedure 12(b)(6). The Nygards appeal the district court's rulings on vagueness, the abuse-of-process claim, and the malicious-prosecution claim.

## II.

We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6). *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Id.*

### A.

First, the Nygards challenge the city ordinance as unconstitutionally vague, asserting a facial challenge and an as-applied challenge. The ordinance provides:

(a)  *Permits required.*  It is unlawful for any person to erect, construct, enlarge, alter, repair, move, improve, remove, convert, or demolish any building or structure, or any part or portion, including but not limited to the general construction, plumbing, on-site sewage treatment system, wood stoves and fireplaces, ventilating, heating or air conditioning systems, or cause such work to be done, without first obtaining a separate building, sign, or general permit for each such building, structure or separate component from the city.

. . .

(b)  *Zoning permit for land alteration.*  A land alteration and hardcover plan shall be submitted with the site plan or certified site plan and incorporated as part of the building permit approval, including the name of the individual performing the work.  If no building permit is necessary, a separate zoning permit application for hardcover and/or land alteration shall be submitted by the individual performing the work prior to conducting any land alteration or hardcover installations on a property, including grading, patios and retaining walls.  The zoning permit shall be reviewed and approved by the city prior to issuance.

Orono City Code § 86-66.

The Nygards raise a facial challenge to the ordinance.  However, "[a] vagueness challenge to [a] statute which does not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Orchard*, 332 F.3d 1133, 1138 (8th Cir. 2003) (internal quotation marks omitted); *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1015, 1021-22 (8th Cir. 2012) (holding that a "facial challenge" to an outdoor-smoking ordinance "is not properly before this court" because "smoking does not implicate the First Amendment on these alleged facts").  Here, there is no First Amendment interest that would justify deviating from the rule requiring as-applied challenges.

The Nygards rely on a plurality opinion in *City of Chicago v. Morales*, which authorized facial attacks to criminal laws outside the First Amendment context where "vagueness permeates the text of such a law." 527 U.S. 41, 55 (1999). But they concede that the *Morales* plurality "expressed a different approach" from Eighth Circuit precedents. Crucially, some of these Eighth Circuit cases were decided after *Morales*. *See, e.g.*, *Orchard*, 332 F.3d at 1138; *Gallagher*, 699 F.3d at 1021-22. Accordingly, we decline to follow the *Morales* plurality to the extent that it conflicts with these binding cases. *See N.Y. State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242, 265 (2d Cir. 2015) ("[B]ecause the test set forth by the *Morales* plurality has not been adopted by the Supreme Court as a whole, we are not required to apply it.").

We next turn to the Nygards' as-applied challenge. "To defeat a vagueness challenge, a penal statute must pass a two-part test: The statute must first provide adequate notice of the proscribed conduct, and second, not lend itself to arbitrary enforcement." *United States v. Barraza*, 576 F.3d 798, 806 (8th Cir. 2009). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974). An as-applied challenge fails if the person challenging the provision "has received fair warning of the criminality of his own conduct." *Id.*

The Nygards argue that the ordinance is vague because it "fails to define its terms." They claim that the terms "erect, construct, enlarge, alter, repair, move, improve, remove, convert, . . . demolish," "hardcover and/or land alteration," and "hardcover installations" do not clearly cover a driveway replacement. *See* § 86-66. "But the [ordinance's] language gives notice of this application," *see United States v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015), through the phrase "hardcover installations," § 86-66(b). The term "hardcover" is used throughout the city code and expressly includes driveways. *See* §§ 78-1683 ("The following hardcover items shall be included in proposed hardcover calculations[:] . . . (2) A driveway for all garages . . . ."), 78-1682(1) ("The portion of the shared driveway on the primary property that serves both primary and secondary property shall be considered

-6-

hardcover for the primary property."), 78-571 (regulating "[h]ardcover" and referring to "driveway and sidewalk hardcover"); *cf. Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 610 (6th Cir. 2005) (holding that a term was not unconstitutionally vague where it was defined elsewhere in the city code). And Nygard performed a "hardcover installation[]," § 86-66(b), by pouring concrete for the new driveway, thereby setting it up for use or service. *See* "Install," *Merriam-Webster's Collegiate Dictionary* 648 (11th ed. 2005) (defining "[i]nstall" as "to set up for use or service"); "Installation," *Merriam-Webster's Collegiate Dictionary* 648 (11th ed. 2005) (defining an "[i]nstallation" as "something that is installed for use"). At least as applied to a driveway replacement, the ordinance is clearer than other criminal laws that we have held were not vague. *See, e.g.*, *Cook*, 782 F.3d at 987-89 (holding that a statute criminalizing receipt of "anything of value" as part of a sex trafficking venture was not vague as applied to the defendant's receipt of "sexual acts"). Finally, on the day Nygard performed the work, a city inspector told him that a permit was required, and this was confirmed by Nygard's subsequent exchanges with the city. He thus "received fair warning of the criminality of his own conduct." *Parker*, 417 U.S. at 756. The ordinance is also "sufficiently clear [such] that the speculative danger of arbitrary enforcement does not render it void for vagueness." *United States v. Birbragher*, 603 F.3d 478, 489 (8th Cir. 2010). Therefore, the district court did not err in dismissing the Nygards' as-applied vagueness challenge.

B.

Second, the Nygards argue that under Minnesota law, the city abused the criminal process to force them to comply with inapplicable permit conditions, such as the requirement to remove the wind-turbine footing. "[A]n abuse of process is the employment of legal process for some purpose other than that which it was intended by the law to effect—the improper use of a regularly issued process." *Dunham v. Roer*, 708 N.W.2d 552, 571 n.5 (Minn. Ct. App. 2006). An abuse-of-process claim requires proof of "an [u]lterior purpose" and "the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued." *Kittler & Hedelson v. Sheehan Props., Inc.*, 203 N.W.2d 835, 840 (Minn.

1973). "'Process' is defined as '[t]he proceedings in any action or prosecution; a summons or writ, esp[ecially] to appear or respond in court.'" *Eclipse Architectural Grp., Inc. v. Lam*, 814 N.W.2d 692, 697 (Minn. 2012) (quoting "Process," *Black's Law Dictionary* 1325 (9th ed. 2009)); *see also Leiendecker v. Asian Women United of Minn.*, 834 N.W.2d 741, 753 (Minn. Ct. App. 2013) (applying the *Eclipse* definition to an abuse-of-process claim), *rev'd on other grounds*, 848 N.W.2d 224 (Minn. 2014).

The Nygards' argument on appeal meaningfully departs from the allegations in their complaint. Under the heading for the abuse-of-process count, the complaint alleges that "Orono abused its BAF process"—not criminal process—"by including in the BAF form . . . certain 'permit conditions' city officials knew were not applicable." It then states that "Nygard objected to the City's abuse of the permit application and BAF process." The district court did not err in dismissing the claim because abuse-of-process claims target the misuse of *legal* process, not a city's *permitting* process. *See Leiendecker*, 834 N.W.2d at 753.

Even if, as the Nygards argue on appeal, their complaint could be construed as challenging the city's use of criminal process, it is not reasonable to infer that the city used criminal process to coerce the Nygards into compliance with conditions inapplicable to the driveway. "[H]ere we have an obvious alternative explanation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). Barnhart referred the case to the prosecutor because the Nygards "completed work without a permit" and "spent the last 6 weeks arguing . . . after they installed the improvement." The obvious explanation is that the Nygards' apparent violation of completing work without a permit resulted in prosecution. The Nygards complain that the city's failure officially to grant or deny the permit application prevented them from seeking an administrative appeal. That argument ignores the fact that Nygard sought a permit only after he had already conducted a hardcover installation despite the ordinance's requirement to obtain a permit prior to doing so. *See* § 86-66(b). The city made extended efforts to cooperate with him after the fact but ultimately chose

to prosecute him for the violation.  This course of events does not give rise to a plausible claim for relief.

## C.

Finally, we address the Nygards' malicious-prosecution claim.  To state a malicious-prosecution claim in Minnesota, a party must allege that "(1) the suit [was] brought without probable cause and with no reasonable ground on which to base a belief that the plaintiff would prevail on the merits; (2) the suit [was] instituted and prosecuted with malicious intent; and (3) the suit . . . ultimately terminate[d] in favor of the defendant." *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).  "Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Allen v. Osco Drug, Inc.*, 265 N.W.2d 639, 643 (Minn. 1978) (internal quotation marks omitted).  "Only reasonable belief that probable cause existed is necessary to negate a malicious prosecution claim."  *Dunham v. Roer*, 708 N.W.2d 552, 569 (Minn. Ct. App. 2006) (internal quotation marks omitted).

A judicial finding of probable cause creates a *prima facie* showing of probable cause.  *See id.* at 560-61, 570; *cf. Polzin v. Lischefska*, 204 N.W. 885, 885 (Minn. 1925) (holding that a grand jury indictment is *prima facie* evidence of probable cause to prosecute); *Jones v. Flaherty*, 165 N.W. 963, 964 (Minn. 1917) (holding that making "a full and fair statement of the facts" to a city prosecutor who then "advise[s] the prosecution" creates a complete defense to malicious prosecution).  That showing is rebutted if the plaintiff "show[s] affirmatively that [the] defendant had no reasonable ground for believing him guilty of the offense." *Polzin*, 204 N.W. at 885.  The "failure to investigate" can show that probable cause is lacking, *see Allen*, 265 N.W.2d at 644, as can reliance on intentionally false statements, *see Young v. Klass*, 776 F. Supp. 2d 916, 923-24 (D. Minn. 2011) (collecting cases).

1.

We first address whether the City of Orono had a reasonable belief that probable cause existed to prosecute Jay Nygard. The district court held that there was probable cause to prosecute Jay Nygard because a Minnesota state court judge signed the charging officer's probable-cause statement. It further held that Jay Nygard's installation of hardcover without a permit supported probable cause under Orono City Code section 86-66. The Nygards argue that there was no probable cause because the police relied on false statements made by Barnhart and did not conduct an investigation.

Here, the state court judge's finding of probable cause establishes a *prima facie* defense to malicious prosecution. *See Dunham*, 708 N.W.2d at 569. Jay Nygard fails to overcome that defense because the city knew from his communications that he had applied for a permit only after replacing the driveway. Therefore, there was more than a "reasonable ground," *Allen*, 265 N.W.2d at 643, to suspect he was guilty of failing to submit a "zoning permit application . . . prior to conducting any land alteration or hardcover installations on a property," § 86-66(b).

The Nygards' assertion that Jay Nygard's prosecution was based on falsehoods in Barnhart's reports is not accurate. Barnhart did not claim that the BAF conditions were required by the city code; rather, he asserted that the Nygards had not agreed to the requested permit conditions and that Jay Nygard had replaced a driveway without a permit. Those statements were true. Further, any failure to investigate does not defeat probable cause to prosecute Jay Nygard because the city already knew from Nygard's application and emails that he installed a driveway without a permit.

2.

Whether there was probable cause to prosecute Kendall Nygard is a closer question. Like her husband, Kendall Nygard was charged under Orono City Code

section 86-66(b), which requires "the individual performing the work" to submit the permit application. The complaint alleges that Kendall Nygard lived in Florida and was not involved with the driveway replacement or the permit application. The city's correspondence was with Jay Nygard, not Kendall Nygard, and in that correspondence, Jay Nygard repeatedly identified himself as the person who replaced the driveway. The complaint also alleges that the probable-cause statement was submitted without any investigation into Kendall's involvement.

The district court held that there was probable cause to prosecute Kendall Nygard because of the judge's probable-cause finding and because Kendall Nygard was in violation of Orono City Code section 86-36. That ordinance requires an "owner and/or occupant" of property where "work has been done in violation of any building code or zoning requirement" to obtain a permit or remove the violation within thirty days of receiving notice. § 86-36.

The plaintiffs have sufficiently alleged a lack of probable cause to prosecute Kendall Nygard, rebutting the city's *prima facie* showing. In Barnhart's email to the prosecuting attorney, he requested a citation for "Jay Nygard and Kendall Nygard" because "[t]hey have completed work without a permit." Although a judge reviewed the probable-cause statement and made a finding of probable cause, it was not entirely based on "a full and fair statement of the facts," *see Jones*, 165 N.W. at 964; accepting the complaint's factual allegations as true, *see Martin*, 752 F.3d at 727, Kendall Nygard was not involved with the driveway replacement. Barnhart and other city officials knew that Jay Nygard installed the driveway, but they had no knowledge of Kendall's involvement, and they failed to investigate it. *See Allen*, 265 N.W.2d at 641, 644 (holding that the failure to investigate the plaintiff's claim that she had no involvement in a forged check showed a lack of probable cause in a malicious-prosecution case); *Olson v. Rogers*, 210 N.W.2d 232, 233 (Minn. 1973) (upholding a jury verdict finding malicious prosecution where the plaintiffs were charged with furnishing alcohol to minors but the police "investigation failed to establish that [the] plaintiffs had purchased the beer" and instead showed only that the plaintiffs had attended an event where minors were drinking).

The fact that section 86-36 allows for the prosecution of property owners who fail to remedy an existing violation of the permitting requirement cannot defeat Kendall Nygard's malicious-prosecution claim because she was charged under section 86-66(b).  Malicious-prosecution claims require "a want of probable cause *for the prosecution*," not a want of probable cause for unprosecuted offenses.  *See Moore v. N. Pac. R. Co.*, 33 N.W. 334, 334 (Minn. 1887) (emphasis added); *Dombrovske v. Dombrovske*, 137 Minn. 56, 57, 162 N.W. 891, 891 (Minn. 1917) (noting that the question in a malicious-prosecution claim is whether there was "probable cause to believe that [the defendant] was guilty of the *offense charged*" (emphasis added)).  The criminal charges and trial related to the alleged violation of failing to obtain a permit before engaging in hardcover installation, not the separate violation of failing to remedy an existing violation within thirty days.  The district court therefore erred in granting the motion to dismiss as to Kendall Nygard's claim for malicious prosecution.

## III.

For the foregoing reasons, we reverse the dismissal of Kendall Nygard's malicious-prosecution claim but otherwise affirm the judgment in favor of the City of Orono.

_____