# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 24-1212

_____

Robert L. Palmer, as Chapter 7 Bankruptcy Trustee in the Matter of Robert L. Palmer and Tamara C. Palmer; Phillip M. Kelly, as Chapter 7 Bankruptcy Trustee in the Matter of Robert L. Palmer and Tamara C. Palmer

*Plaintiffs - Appellants*

v.

Union Pacific Railroad Co.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 19, 2024
Filed: June 12, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Robert L. Palmer,[1] a long-time Union Pacific employee, alleges that Union Pacific discriminated against him because of his disability. The district court dismissed his claims as time-barred, and Palmer appeals.

I.

Palmer started working for Union Pacific in March 1998. At that time, he disclosed that he has diabetes. Over time, Palmer developed an eye condition called diabetic retinopathy, which caused blurred vision. Around September 2011, Palmer successfully underwent surgery to treat his right eye, and he continued to work for Union Pacific afterwards. However, when Palmer's left eye developed blurred vision in November 2013, Union Pacific initiated a fitness-for-duty evaluation, removing Palmer from work in the meantime. Based on this evaluation, Dr. Holland, the Chief Medical Officer for Union Pacific, sent Palmer a letter in February 2014 (February 2014 letter) imposing permanent work restrictions on Palmer. These work restrictions disqualified Palmer from his position with Union Pacific.

In May 2014, Palmer submitted medical information from his eye doctor, Dr. Pan, to Union Pacific. Dr. Pan cleared Palmer for work and stated that Palmer's vision was "good." In December 2014, Dr. Holland responded by sending Palmer another letter (December 2014 letter). This letter "confirmed that Palmer was given permanent work restrictions because of his diabetic retinopathy," and stated that Dr. Holland "would not consider any additional information from Palmer's treating physicians regarding the stability or prognosis of his eye condition."

In February 2016, a putative class of current and former Union Pacific employees (the Harris class) filed a discrimination suit against Union Pacific. See Harris v. Union Pac. R.R., 329 F.R.D. 616, 620 (D. Neb. 2019). The class action alleged that Union Pacific used its fitness-for-duty policy inappropriately, routinely

---

[1]The plaintiffs in this action include Palmer and the trustee of his bankruptcy estate.

-2-

disqualifying employees from service based on their disabilities without conducting individualized review to confirm those employees' ability to work safely or effectively. The Harris class was later certified in February 2019, and the class was defined, in relevant part, to include employees who were routed through the fitness-for-duty process "at any time from September 18, 2014 until the final resolution of th[e] action." Id. at 628. This court decertified the class in March 2020, Harris v. Union Pac. R.R., 953 F.3d 1030, 1032 (8th Cir. 2020), and Palmer filed an individual charge of discrimination with the EEOC in April 2020.

After receiving notice of his right to sue, Palmer filed this action, raising two claims against Union Pacific under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. He alleged that his suit was timely because he was a member of the putative Harris class, and therefore his claims were tolled during the pendency of the class action. See Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations [for all putative class members]."). Union Pacific moved to dismiss, arguing that Palmer's claims fell outside the Harris class definition because he did not experience an adverse employment action after September 2014. The district court granted the motion with prejudice, determining that the only adverse employment action Palmer alleged occurred in February 2014, when he received the letter notifying him that he was disqualified from his job. The court concluded that the December 2014 letter notifying Palmer that Union Pacific was refusing to reconsider his restrictions was not a separate adverse action, but rather a "mere consequence[]" of the February action. Palmer filed a motion to reconsider the dismissal, or alternatively for leave to amend, and submitted a proposed amended complaint for the court's review.

In the proposed amended complaint, Palmer supplemented the allegations in support of his claims. As relevant here, Palmer alleged that, in the February 2014 letter, Dr. Holland imposed work restrictions but said "[i]f updated medical information is received, [Union Pacific] will be glad to have the information reviewed and obtain another fitness-for-duty decision." Palmer further alleged that,

-3-

"in response to Union Pacific's invitation to submit additional medical information," he submitted an updated report from Dr. Pan about his medical fitness. Palmer alleged that "Union Pacific [then] initiated another fitness-for-duty review . . . as the company's February 2014 letter had promised." The December 2014 letter, which Palmer described as the results of the second fitness-for-duty evaluation, stated that his "work restrictions are to be permanent." And, unlike the February 2014 letter, this letter said that "[f]urther information from [Palmer's] doctors . . . will not change this determination."

The district court denied Palmer's motion to reconsider and for leave to amend. The court concluded that any amendment would be futile, reiterating its conclusion that the only adverse action plausibly alleged occurred in February 2014, which was too early to fall within the class definition.

Palmer appeals.

## II.

We review the district court's post-judgment denials of reconsideration and leave to amend for abuse of discretion. See Garang v. City of Ames, 2 F.4th 1115, 1120 (8th Cir. 2021); U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 824 (8th Cir. 2009). Erroneous legal conclusions constitute an abuse of discretion. Garang, 2 F.4th at 1120–21.

In denying Palmer's post-judgment motion, the district court relied on an Eighth Circuit standard that has since been abrogated. See Charleston v. McCarthy, 926 F.3d 982, 989 (8th Cir. 2019) (requiring adverse employment actions to materially affect the terms or conditions of employment), abrogated by Muldrow v. City of St. Louis, 601 U.S. 346, 355 (2024) (holding that adverse employment actions need only cause "some harm"). Post-Muldrow, to plead an adverse employment action, Palmer "is only required to plead 'some harm respecting an identifiable term or condition of employment.'" Cole v. Grp. Health Plan, Inc., 105

-4-

F.4th 1110, 1114 (8th Cir. 2024) (quoting Muldrow, 601 U.S. at 355); see also Harper v. Va. Dep't of Tax'n, 509 U.S. 86, 97 (1993) (holding that new Supreme Court interpretations of federal law "must be given full retroactive effect in all cases still open on direct review").

In his proposed amended complaint, Palmer alleges that the February 2014 letter imposed work restrictions, but also that it expressly invited him to submit additional medical information, which would prompt a new fitness-for-duty evaluation. He then submitted additional information. In response, he received the December 2014 letter confirming his work restrictions. Unlike the February 2014 letter, however, the December 2014 letter expressly stated there would be no opportunity for future review. In this way, Palmer alleges the December action was independently discriminatory: the December 2014 letter not only reimposed Palmer's work restrictions after a second fitness-for-duty evaluation, but it also denied Palmer any chance to seek further review of his medical condition. Under the standard articulated in Muldrow, this qualifies as an adverse employment action.

Union Pacific counters that, even post-Muldrow, any opportunity the February 2014 letter provided for future review was "completely speculative."[2] Thus, Union Pacific asserts that the December 2014 letter was nothing more than a confirmation of the previously imposed work restrictions. But Palmer plausibly alleges that the December letter was more than a mere consequence of the February letter. Compare Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1082 (8th Cir. 2018) (holding that a claim for discrimination accrued at the time the plaintiffs were notified of the impending action, not when the challenged action occurred, which was merely a "delayed, but inevitable, consequence[]" of the notification), with Jones v. Douglas Cnty. Sheriff's Dep't, 915 F.3d 498, 500 (8th Cir. 2019) (noting that a failure to permit a plaintiff to return to her job can constitute "a discrete employment action . . . . [which] may be independently discriminatory"). And the harm Palmer alleges is not overly speculative—he went from accepting an

---

[2]We grant Union Pacific's motion for leave to file a sur-reply brief.

invitation to submit further medical information in support of his fitness-for-duty to losing any chance to prove his fitness at a later date. See Muldrow, 601 U.S. at 354 (change need only be "disadvantageous"). Palmer's proposed amended complaint plausibly alleges that the December 2014 letter caused him "some harm." See id. at 355.

We reverse the district court's post-judgment denial of reconsideration and leave to amend, and we remand for further proceedings consistent with this opinion.

_____