# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3137
_____

Khalea Edwards; Arkayla Tenney-Howard; Nidhi Krishnan

*Plaintiffs - Appellants*

v.

City of Florissant, Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 13, 2022
Filed: January 19, 2023

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

Khalea Edwards, Arkayla Tenney-Howard, and Nidhi Krishnan bring this 42 U.S.C. § 1983 action against the City of Florissant, Missouri. They allege the City is liable under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), because Florissant police officers, acting pursuant to an unlawful custom or policy, violated First and Fourteenth Amendment rights at five protests in June and July 2020 when they declared an unlawful assembly and ordered dispersal of protestors who had

not committed the Missouri crimes of unlawful assembly or refusal to disperse. Plaintiffs appeal the district court's[1] Memorandum and Order dismissing their complaint for failure to state a claim on the ground that a municipality's police power "to declare that an assembly is unlawful and to order individuals to disperse is not tethered to Missouri's statutes codifying the criminal offenses of unlawful assembly and failure to disperse." We agree with the court and therefore affirm.

## I. Background

In the summer of 2020, protests lasting several weeks took place outside the Florissant police station objecting to the use of excessive force by police. Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("FAC") describes five protests during a two-week period in June and July when Plaintiffs allege that police arbitrarily declared an unlawful assembly and ordered protestors to disperse who were not committing the crimes of unlawful assembly or refusal to disperse. A person commits the crime of unlawful assembly if "he or she knowingly assembles with six or more other persons and agrees with such persons to violate any of the criminal laws of this state or of the United States with force or violence." Mo. Rev. Stat. § 574.040. The crime of refusal to disperse is committed when a person, "being present at the scene of an unlawful assembly . . . knowingly fails or refuses to obey the lawful command of a law enforcement officer to depart from the scene." Mo. Rev. Stat. § 574.060. The FAC alleges that Plaintiff Tenney-Howard and others were arrested "for purported violations including unlawful assembly and failure to disperse" at the June 27 protest.

Plaintiffs assert no claims against individual officers and do not challenge the constitutionality of § 574.040 or § 574.060. Rather, they assert a Monell claim for

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

declaratory and injunctive relief, nominal damages, and attorneys' fees based on two allegedly unconstitutional policies or customs. First, they allege that Florissant's Police Department "has a custom or policy of declaring or threatening to declare protests of police misconduct to be unlawful assemblies in the absence of an agreement of one person with six or more other persons to imminently violate a criminal law with force or violence ('Arbitrary Declarations')." Second, they allege the Department has "a custom or policy of arresting or threatening to arrest individuals for failure to disperse from purported unlawful assemblies in the absence of an agreement of one person with six or more other persons to imminently violate a criminal law with force or violence or the absence of a riot ('Unlawful Dispersal Commands')." Plaintiffs allege that these customs or policies "have a chilling effect on reasonable protesters," and that they "reasonably fear they will be arrested despite committing no crime if they return to Florissant to protest."

The FAC then alleges in four causes of action that the Arbitrary Declarations and the Unlawful Dispersal Commands customs or policies violate Plaintiffs' First Amendment and Due Process rights because they permit the police to declare an unlawful assembly and order law-abiding protesters to disperse "in the absence of an agreement of one person acting in concert with six or more other persons to imminently violate a criminal law with force or violence," which are the elements of a § 574.040 unlawful assembly offense and an "integral part" of a § 574.060 refusal to disperse offense. Each custom or policy "unlawfully suppresses speech in an arbitrary manner," chilling Plaintiffs from engaging in constitutionally protected activity, and each is unconstitutionally vague because it does not "provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited" and encourages "arbitrary and discriminatory enforcement."

-3-

## II. Discussion

Plaintiffs establish § 1983 municipal liability if they prove that their constitutional rights were violated by "an 'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a custom or usage with the force of law.'" Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998), quoting Monell, 436 U.S. at 691.[2] "[A]bsent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City." Whitney v. City of St. Louis, 887 F.3d 857, 861 (8th Cir. 2018). To show a "custom or usage," Plaintiffs must prove "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) an injury by acts pursuant to the governmental entity's custom." Mitchell v. Kirchmeier, 28 F.4th 888, 899-900 (8th Cir. 2022) (cleaned up).

To survive a motion to dismiss, a complaint must plead sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, the essence of Plaintiffs' four claims is that Florissant police officers declared unlawful assemblies and ordered dispersal of protesters who were not violating § 574.040 or § 574.060. The district court concluded that a municipality's police power to declare an unlawful assembly and order dispersal "is not tethered" to these Missouri criminal statutes. We agree. Plaintiffs' FAC improperly limited Florissant's broad *civil* authority to manage protests in the public interest to situations violating the *criminal* offenses of unlawful assembly and failure

---

[2]The FAC alleges unlawful official municipal policies but fails to identify a responsible decisionmaker with final policymaking authority. See Bernini v. City of St. Paul, 665 F.3d 997, 1007-08 (8th Cir.), cert. denied, 568 U.S. 978 (2012). As pleaded, this is an unlawful custom case.

to disperse.  This is a flawed legal theory.  For example, a municipality's "substantial interest in . . . ensuring the free and orderly flow of traffic on streets and sidewalks" can without more justify dispersal orders.  Duhe v. City of Little Rock, 902 F.3d 858, 865 (8th Cir. 2018), cert. denied, 1395 S. Ct. 1178 (2019); see Grider v. Abrahamson, 180 F.3d 739, 747-48 & n.9 (6th Cir.), cert. denied, 528 U.S. 1020 (1999); Wash. Mobilization Comm. v. Cullinane, 566 F.2d 107, 116-17 (D.C. Cir. 1977).

Without question, persons have a First Amendment right to peacefully protest government action.  See Edwards v. South Carolina, 372 U.S. 229, 235-36 (1963).  But the government may place reasonable limits on this right based on the type of forum at issue and the conduct of protestors, even if peaceful.  See Cantwell v. Connecticut, 310 U.S. 296, 308 (1940); Frye v. Kansas City Mo. Police Dep't, 375 F.3d 785, 789-90 (8th Cir. 2004).  Traffic control is a legitimate, nonviolent reason for regulating a protest.  See Cox v. Louisiana, 379 U.S. 536, 554-55 (1965).  So is controlling entry by protesters onto state property not traditionally used as a public forum.  See Adderley v. Florida, 385 U.S. 39, 41 (1966) (jail); Greer v. Spock, 424 U.S. 828, 838 (1976) (military base).  In ruling that the FAC failed to state a claim, the district court explained that the pleading "ignores the 'wide swath' of other lawful reasons officers could have dispersed them."  The court cited FAC allegations that "described how protesters impeded traffic," noted they painted a message on the street in front of the police station, and described how protesters "standing in the street in front of the police station" were instructed to stand "across the street in a parking lot."  The court held that obstructing traffic could be an "obvious lawful alternative explanation[]" for the dispersal orders.  Cf. Iqbal, 556 U.S. at 681-82.

More or less conceding that the police power to declare an unlawful assembly and order those assembled to disperse is broader than violations of Missouri's criminal statutes, Plaintiffs argue the FAC "plausibly alleges the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by identifying at least five instances of a two-week period where Florissant police shut

-5-

down peaceful protests." However, except for the allegation that the protests did not violate § 574.040 or § 574.060 by involving at least seven persons and the threat of violence, these conclusory allegations that the police orders were "arbitrary," "unlawful," or "unconstitutional" are, at most, only "consistent with" a constitutional violation. Iqbal, 556 U.S. at 678. The district court therefore concluded the FAC did not push Plaintiffs' claims "across the line from conceivable to plausible." We agree. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." Id. at 679 (cleaned up).

The alleged customs of declaring unlawful assemblies and ordering protesters to disperse in "the absence of an agreement of one person acting in concert with six or more other persons to imminently violate a criminal law with force or violence" do not state a claim of constitutional injury under Monell. Although a violation of § 574.040 or § 574.060 would no doubt justify these law enforcement actions in many circumstances, the absence of criminal law violations does not *establish* that a constitutional injury occurred. Thus, the FAC failed to plausibly allege a constitutional violation by any city employee and therefore failed to state a claim of Monell liability.

Moreover, the FAC did not plausibly allege that a policymaking official had notice of and tacitly authorized the alleged unconstitutional conduct. Without allegations that a municipal decision maker was even aware of officers repeatedly and arbitrarily declaring unlawful assemblies and ordering protesters to disperse, the FAC "alleges nothing more than directives issued *ad hoc* by individual officers." McTernan v. City of York, 564 F.3d 636, 658-59 (3d Cir. 2009). For this reason, too, Plaintiffs failed to state a plausible claim of Monell liability.

Plaintiffs further argue these two unwritten Police Department customs violate their Due Process rights to fair notice of when police might declare an unlawful

assembly and freedom from arbitrary enforcement. Plaintiffs challenge law enforcement agency customs rather than a Missouri statute or municipal ordinance or regulation, the traditional targets of vagueness claims. See, e.g., Langford v. City of St. Louis, 3 F.4th 1054, 1059 (8th Cir. 2021). But Plaintiffs' basis for challenging the customs as vague is that they authorize dispersals when protesters are not violating criminal statutes and using force. As we have explained, that factual predicate is not constitutionally required. Beyond that, Plaintiffs do not allege facts plausibly showing that the five specific incidents involved lack of fair notice or arbitrary enforcement, only conclusory allegations they were "arbitrary." The FAC therefore states no plausible basis to enjoin the City's police officers from making fact-intensive determinations whether future dispersal orders will violate a particular person's Due Process rights. See Iqbal, 556 U.S. at 678. In this situation, "[a] claim for money damages, not a request for injunctive relief, is an appropriate and effective method for dealing with isolated circumstances in which police officers arrest civilians who are not even arguably violating the law." Shirmer v. Nagode, 621 F.3d 581, 588 (7th Cir. 2010). The mere existence of "close calls" as to when traffic control or other government needs justify dispersal of an assembly does not render the unwritten customs unconstitutionally vague. Cf. Duhe, 902 F.3d at 864.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

KELLY, Circuit Judge, dissenting.

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet this standard, and to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> This "plausibility" requirement is not a "probability requirement" and just "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>; <u>see also</u> <u>Twombly</u>, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'")

In evaluating a complaint, "[c]ourts should consider whether there are lawful, 'obvious alternative explanations' for the alleged conduct, because 'where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" <u>McDonough v. Anoka Cnty.</u>, 799 F.3d 931, 946 (8th Cir. 2015) (cleaned up) (quoting <u>Iqbal</u>, 556 U.S. at 678). "If the alternative explanations are not sufficiently convincing, however, the complaint states a plausible claim for relief, because 'ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage.'" <u>Id.</u> (cleaned up) (quoting <u>Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.</u>, 648 F.3d 452, 458 (6th Cir. 2011)). Indeed, it is not the district court's role at the pleading stage to conclusively decide which explanation or inference is more compelling. <u>See</u> <u>Hamilton v. Palm</u>, 621 F.3d 816, 819 (8th Cir. 2010) (stating that while a plaintiff's complaint raised multiple "plausible inferences," "[w]hich inference will prove to be correct is not an issue to be determined by a motion to dismiss").

Here, the district court concluded that there were "obvious alternative explanations" for the officers' actions. More specifically, the court found that the complaint ignored the wide swath of lawful reasons officers could have dispersed protesters and even affirmatively pleaded one of those reasons: traffic control. Respectfully, I disagree.

First, the fact that other alternative reasons could exist does not necessarily mean that a plaintiff has failed to state a claim. Rather, those alternatives must be "concrete" and "obvious" and must "render[] the plaintiff's theory implausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 597 (8th Cir. 2009). In other words, "a defendant is not entitled to dismissal if the facts are merely consistent with lawful conduct." Id. Applied here, the fact that the City *could* remove protestors who are blocking traffic does not mean that Plaintiffs' theory that they *did so arbitrarily* is implausible. Put another way, even assuming the police had the power to declare an assembly unlawful and order individuals to disperse—a power that, according to the district court, "is not tethered to Missouri's statutes codifying the criminal offenses of unlawful assembly and failure to disperse"—this power is not unfettered and is still subject to the rights afforded by the First Amendment.

It is plausible that the police in this case had a "lawful reason" to disperse the protesters. It is also plausible that, as Plaintiffs plead in their FAC, the officers were acting arbitrarily in declaring unlawful assemblies and issuing orders of dispersal. At the Rule 12(b)(6) stage, however, a court should not—indeed, it cannot—seek to ascertain which explanation or inference is *more* plausible.[3] The merits of Plaintiffs' claims will bear out, or not, in the process of discovery, and it is at that point that the City is welcome to challenge those claims on a Rule 56 motion for summary judgment. See Twombly, 550 U.S. at 556 (stating the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]"). It may be tempting for a court to rely on its "judicial experience and common sense" to conclude that "recovery is very remote and unlikely," and thus prematurely dismiss a case. See Braden, 588 F.3d at 594 (first quoting Iqbal, 556

_____

[3]This is particularly true where, as here, the City likely has relevant information solely in its possession. See Whitney v. Guys, Inc., 700 F.3d 1118, 1129 (8th Cir. 2012) (identifying the practical difficulties of pleading requirements when the relevant information is potentially in the hands of the defendant).

U.S. at 679; and then quoting Twombly, 550 U.S. at 556).  However, the court's role at the pleading stage is not to assess the ultimate merits, but rather, to ask whether the plaintiff has put forth a well-pleaded complaint such that the factual allegations "nudge the claim across the line from conceivable to plausible."  McDonough, 799 F.3d at 945 (cleaned up) (quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 88 (1st Cir. 2015)); see also Braden, 588 F.3d at 594 (stating that a well-pleaded complaint may survive a motion to dismiss even if a judge thinks recovery is unlikely).  Here, they do.

Second, it bears repeating that on a motion to dismiss, a court must accept "the allegations contained in the complaint as true and mak[e] all reasonable inferences in favor of the nonmoving party."  Jones v. Douglas Cnty. Sheriff's Dep't, 915 F.3d 498, 499 (8th Cir. 2019) (quoting Martin v. Iowa, 752 F.3d 725, 727 (8th Cir. 2014)).  Here, the district court found that the FAC "explicitly described how protestors impeded traffic."  By my reading, it did not.  The FAC states that protesters at some point painted "Black Lives Matter" on the street and that at another point police pushed protesters out of the street from where they were standing.  But neither allegation says anything about impeding traffic, and at a minimum, the allegations say nothing explicitly about it.  To conclude that Plaintiffs alleged they impeded traffic, in my view, is to improperly make inferences in favor of the wrong party.

Third, Plaintiffs were not required to "rule out potential lawful explanations for [the officers'] conduct[,]" in their complaint.  Braden, 588 F.3d at 596 ("Rule 8 does not require a plaintiff to plead facts tending to rebut all possible lawful explanations for a defendant's conduct.").  In this case, if some of the protestors were actually engaging in an unlawful assembly, were impeding traffic, or were posing a threat to others or to property, perhaps there would be an obvious alternative explanation for the officers' conduct.  But such facts were not pleaded in the FAC.  And at the pleading stage, Plaintiffs were not required to rebut these possible alternative explanations.  Under the district court's ruling, to survive the City's motion to

dismiss, Plaintiffs needed to affirmatively negate that they "impeded traffic," or affirmatively negate any of the City's potential lawful alternative explanations. This heightened burden is not required under either our case law or Iqbal and Twombly. See Braden, 588 F.3d at 596 (determining that "[i]t is not [the plaintiff's] responsibility to rebut these [lawful] possibilities in his complaint" and that the district court "erred by placing that burden on him [and] finding the complaint inadequate for failing to rule out potential lawful explanations for [defendants'] conduct").

Drawing all reasonable inferences in favor of the proper party, this case is not one where the facts alleged "are precisely the result one would expect from lawful conduct in which the defendant[s] [are] known to have engaged." Braden, 588 F.3d at 597. Of course, the officers could have acted for a variety of reasons. But whatever the reason, the speculative possibilities were "far from the sort of concrete, obvious alternative explanation" Plaintiffs needed to rebut in their FAC. Id. As this court has said, the officers are "not entitled to dismissal if the facts are merely consistent with lawful conduct." Id.

Because I would reverse the Rule 12(b)(6) dismissal of Plaintiffs' FAC, I respectfully dissent.

_____