United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1499

_____

Keith Allen Kiefer

*Plaintiff - Appellant*

v.

Isanti County, Minnesota

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 16, 2023
Filed: June 29, 2023

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Keith Kiefer brought this lawsuit under 42 U.S.C. § 1983, alleging that Isanti County, Minnesota (the "County") violated his Fourth and Fourteenth Amendment rights when it unlawfully prosecuted him under the County's solid waste ordinance (the "Solid Waste Ordinance"). Kiefer also asserts Minnesota state law claims for

false imprisonment, malicious prosecution, and abuse of process. The district court[1] granted judgment on the pleadings as to the federal claims in favor of the County and declined to exercise supplemental jurisdiction on the remaining state law claims. We affirm.

## I.      BACKGROUND

This case involves a 52.94 acre parcel of real estate located in the County. Kiefer purchased the property in 1996 but has lived there since 1992. Shortly after moving onto the property in 1992, Kiefer began to use approximately one acre to store scrap and other unwanted items, including "unlicensed vehicles, piles of scrap metal, tin, old furniture, old building material, lumber, old windows, old plumbing fixtures, old sinks, a semitrailer container, old pipes, a mobile home, and other miscellaneous debris." Cnty. of Isanti v. Kiefer, No. A15-1912, 2016 WL 4068197 at *1 (Minn. Ct. App. Aug. 1, 2016) ("Kiefer I"). After receiving a citizen complaint, the County sent Kiefer several letters notifying him that his use of the property violated local law. Kiefer did not respond to the letters. On November 19, 2008, the County cited Kiefer with a zoning code violation.

On December 22, 2008, the County filed a criminal complaint charging Kiefer with two counts: Count one alleged Kiefer violated the County zoning code and Count two alleged Kiefer violated the Solid Waste Ordinance.[2] The County eventually dropped the zoning code violation and the case proceeded to trial on the

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

[2]The Solid Waste Ordinance stated: "[s]olid waste shall not be stored on public or private property for more than two (2) weeks without the written approval of the Solid Waste Officer. Nonputrescible wastes suitable for recycling shall not be stored on public or private property in a manner which creates a nuisance, blight, or health hazard." Kiefer I, at *3 (quoting Isanti County, Minn., Solid Waste Ordinance § IV, subd. 4 (2005)).

Solid Waste Ordinance charge.  After a jury convicted him, Kiefer was sentenced to 90 days in jail, 60 of which he served.

In March 2011, the County filed a civil action in Minnesota state court alleging that Kiefer violated both the County zoning code and the Solid Waste Ordinance.  Kiefer responded, asserting the County had misinterpreted and misapplied the law.  Following a bench trial, the state district court ruled in favor of the County.  The Minnesota Court of Appeals reversed, concluding that the Solid Waste Ordinance only applies to commercial or industrial operations.  Id. at *3.  The Court of Appeals recognized that Kiefer's current use of the property was not permitted under the zoning code but remanded for a determination on whether Kiefer's use was a permissible preexisting nonconforming use, as the property was zoned as agricultural at the time of his purchase in 1996.  Id. at *6.  On remand, the Minnesota district court found Kiefer in violation of the zoning code.  The Minnesota Court of Appeals affirmed.  Cnty. of Isanti v. Kiefer, No. A17-0326, 2017 WL 3469521 (Minn. Ct. App. Aug. 14, 2017) ("Kiefer II").

On July 31, 2018, Kiefer petitioned in state court for postconviction relief, seeking to vacate his criminal conviction after the Court of Appeals found the Solid Waste Ordinance inapplicable.  On October 8, 2018, Kiefer's petition was granted.  His conviction was vacated, and the clerk was ordered to refund the fine, court costs, and court fees imposed and paid by Kiefer.  Two years later, Kiefer filed this federal lawsuit, claiming unlawful seizure and violations of his due process rights, along with state law claims for false imprisonment, malicious prosecution, and abuse of process.  The district court dismissed the case after determining Kiefer failed to sufficiently plead the County had violated his rights.  Kiefer appeals.

## II.   ANALYSIS

We review the district court's grant of a motion for judgment on the pleadings *de novo*, Magdy v. I.C. Sys., Inc., 47 F.4th 884, 886 (8th Cir. 2022), viewing all facts in the complaint as true and granting all reasonable inferences in the plaintiff's favor,

Levitt v. Merck & Co, Inc., 914 F.3d 1169, 1171 (8th Cir. 2019). In responding to a motion for judgment on the pleadings, the plaintiff bears the burden of showing the complaint sufficiently states a claim for relief that is plausible on its face. Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Facial plausibility is demonstrated when there is sufficient factual content in the complaint allowing a court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id.

While a municipality cannot be held liable under 42 U.S.C. § 1983 merely because it employs a tortfeasor, a plaintiff may establish municipal liability "if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Corwin v. City of Indep., Mo., 829 F.3d 695, 699–700 (8th Cir. 2016) (cleaned up); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A policy is "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Whether policy action was taken by an individual who exercised final policymaking authority is a question of state law, and it is the trial judge who must identify "those individuals . . . who speak with final policymaking authority for the local government." Atkinson v. City of Mountainview, Mo., 709 F.3d 1201, 1214–15 (8th Cir. 2013) (quotation omitted).

For the first time on appeal, Kiefer argues the Solid Waste Ordinance itself was the official policy that was wrongly used to prosecute property owners, and that the County prosecutor and inspection officer shared authority for purposes of assigning Monell liability. If the Solid Waste Ordinance is the official policy at issue, then it is the County Board of Supervisors as lawmakers—not the County prosecutor—that has final policymaking authority. See MINN. STAT. § 375.18, subd. 14. (describing the general powers of a County Board to include regulation of unauthorized deposit of solid waste by ordinance); Id. at § 388.051 (prescribing the duties of a county attorney). More importantly, the assertion that the Solid Waste Ordinance is the official policy of the County is not clear on the face of the

complaint, as Kiefer appears only to allege the existence of some hypothetical charging policy. Kiefer's claim is unsupported in the complaint and nothing in the record suggests the existence of such a policy. The district court did not err in concluding that Kiefer failed to plausibly allege the existence of an official policy for his Monell claim.

To demonstrate the County violated his rights through an unofficial custom, Kiefer must show: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1160 (8th Cir. 2014) (citation omitted). A plaintiff may not be privy to the facts necessary to accurately describe with specificity the alleged custom which may have caused the deprivation of a constitutional right, but the plaintiff must allege facts that would support the existence of such a custom. Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

Kiefer alleges in his complaint that as a matter of policy, the County used the Solid Waste Ordinance as a process to criminally charge individuals who were not conventional solid waste management operations. Complaint at § 86. The complaint also states that "[t]he County made a deliberate choice to use the Solid Waste Ordinance to allege criminal violations against individuals the County knew the statute did not apply to." Id. at § 87. These statements are nothing more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Christopherson v. Bushner, 33 F.4th 495, 499 (8th Cir. 2022) (quoting Iqbal, 556 U.S. at 678). These allegations are not enough "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

While Kiefer's opening brief lists 21 cases, which Kiefer contends constitute proof the County used the Solid Waste Ordinance to wrongly prosecute property owners, none of these cases are properly before us as they were not included in the complaint or raised below. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (courts generally may not consider materials outside the pleadings when deciding a motion for judgment on the pleadings). Even if Kiefer sufficiently alleged a "continuing, widespread, persistent pattern," the complaint did not allege the County was in some manner deliberately indifferent after notice of a possible violation.[3] See Snider, 752 F.3d at 1160. Kiefer's complaint contains insufficient factual allegations to sustain a municipal liability claim.

Without a constitutional violation, there can be no § 1983 liability. See Sanders v. City of Minneapolis, 474 F.3d 523, 527 (8th Cir. 2007). We have previously emphasized the high burden for establishing a Fourteenth Amendment violation. Azam v. City of Columbia Heights, 865 F.3d 980, 986 (8th Cir. 2017). Kiefer alleges the County fabricated evidence, which led to his wrongful conviction, and the County knew the Solid Waste Ordinance did not apply to him.

While it is indisputable after the ruling of the Minnesota Court of Appeals that Kiefer should not have been prosecuted under the Solid Waste Ordinance, "[t]he doctrine of substantive due process is reserved for truly extraordinary and egregious cases; it does not forbid reasonable, though possibly erroneous, legal interpretation." Schmidt v. Des Moines Pub. Schs., 655 F.3d 811, 819 (8th Cir. 2011) (quotation omitted). Viewing the complaint in a light favorable to Kiefer, he failed to plead sufficient factual content that would allow a court to draw a reasonable inference that the County fabricated evidence or prosecuted him knowing the Solid Waste

---

[3]To the extent Kiefer argues the County should be held liable for inadequate training of its employees, a failure-to-train claim cannot succeed "without evidence the municipality received notice of a pattern of unconstitutional acts committed by its employees." Atkinson, 709 F.3d at 1216 (cleaned up). Kiefer's allegations are insufficient to support such a claim.

Ordinance was inapplicable. We cannot say that the district court erred in rendering judgment on the pleadings.

## III.    CONCLUSION

For the foregoing reasons, the district court's decision dismissing Kiefer's complaint against the County is affirmed.

_____