# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3552
_____

Samantha LaCoe

*Plaintiff - Appellant*

v.

City of Sisseton, et al.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: June 14, 2023
Filed: September 19, 2023
_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

An employee must have a protected life, liberty, or property interest in continued employment to maintain a procedural due process claim under 42 U.S.C. § 1983. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 & n.3 (1985), citing Bd. of Regents v. Roth, 408 U.S. 564, 576-78 (1972). Protected property interests arise not under the Constitution, but rather through an independent source

such as state law.  Id.  "State law can create a property interest in a number of different ways."  Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 719 (8th Cir. 1995).

"South Dakota is an employment at will state."  Hollander v. Douglas County, 620 N.W.2d 181, 185 (S.D. 2000); see S.D.C.L. § 60-4-4.  In an employment at-will state, "the employer owes no duty of continued employment, and therefore may dismiss the employee at any time, for any reason," unless an employment contract or public policy says otherwise.  Reynolds v. Ethicon Endo-Surgery, Inc., 454 F.3d 868, 874 (8th Cir. 2006).  Thus, an at-will public employee in South Dakota does not have a constitutionally protected property interest.  Hollander, 620 N.W.2d at 185.

In this case, Samantha LaCoe was hired as a Law Enforcement Officer by the Sisseton, South Dakota, Police Department in January 2021.  LaCoe and the City signed a Sisseton Police Department Employment Contract (the "Contract") requiring LaCoe to reimburse the City for the cost of her training if she left the Department before completing 36 months of employment.  In January 2022, Defendant James Croymans, the City's Chief of Police, informed LaCoe that the Police Commission had lost confidence in her because she had included false or inaccurate information on four stopped-vehicle reports.  Croymans asked LaCoe to resign, which she did.  In July 2022, LaCoe filed this 42 U.S.C. § 1983 action, asserting, along with other claims, that the City and numerous individual defendants violated her Fourteenth Amendment procedural and substantive due process rights by disciplining and constructively discharging her.

The district court[1] granted Defendants' motion to dismiss all federal claims and declined to exercise supplemental jurisdiction over LaCoe's state law claims.  LaCoe

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

v. City of Sisseton, No. 1:22-CV-01010, 2022 WL 17485843, at *2 (D.S.D. Dec. 7, 2022). LaCoe appeals only the dismissal of her due process claims, arguing that the terms of the Contract established a property interest and therefore she was not an at-will employee under South Dakota law. Reviewing the dismissal *de novo* and accepting the allegations contained in the complaint as true, we agree with the district court the Supreme Court of South Dakota would rule that the Contract did not change an at-will employment relationship. See Cockram v. Genesco, Inc., 680 F.3d 1046, 1056 (8th Cir. 2012) (standard of review). Accordingly, we affirm.

## I. Background.

LaCoe's employment as a Law Enforcement Officer for the Sisseton P.D. was her first job after earning a bachelor's degree in law enforcement. Sergeant Jereme Stauss was assigned to be the Field Training Officer during four months of training. Over the course of her employment in 2021, LaCoe alleges she was not provided needed training she requested and was subjected to sexually discriminatory comments and conduct, unfairly criticized, and "labeled a snitch" by her co-workers.

On January 17, 2022, Chief Croymans informed LaCoe that Defendant Dylan Kirchmeier, the Roberts County State's Attorney, placed her on one year's probation and on a Brady/Giglio list made available to local defense attorneys[2] because of the false stopped-vehicle report incidents. On January 19, the Complaint alleges, Chief Croymans informed LaCoe the Police Commission had lost confidence in her and she would have to "resign and sign a *Brady/Giglio* acknowledgment letter." This lawsuit followed. Attached to the Complaint as Exhibit B is an undated Affidavit of

---

[2]Under Brady v. Maryland, 373 U.S. 83, 87 (1963), criminal defendants are constitutionally entitled to exculpatory evidence, defined in Giglio v. United States, 405 U.S. 150, 154-55 (1972), to include impeachment evidence. A so-called Brady/Giglio list compiles names of officers known to have failed these constitutional disclosure duties. Cf. Sandefur v. Dart, 979 F.3d 1145, 1155-56 (7th Cir. 2020).

Retraction by LaCoe, not otherwise identified in the Complaint, averring that "[t]he resignation letter and the Brady/Giglio memo were signed under duress and absent any ability to rebut the accusations."

LaCoe's Complaint alleges that Defendants violated her right to procedural due process because she "was given no meaningful opportunity to rebut or defend[] herself against being placed on a *Brady/Giglio* list," and that her "placement . . . on such a list has hurt her property interests absent due process of law." Defendants moved to dismiss all claims, arguing as to the due process claims that LaCoe failed to allege a constitutional property interest because "there is no language in the [Contract] indicating a clear intention on the Sisseton PD's part to surrender its statutory power to terminate [LaCoe] at will," and LaCoe "has completely failed to plead that the City had any official policy, custom, or practice of unconstitutional conduct that caused a City employee to violate [LaCoe's] constitutional rights."

The district court granted the motion to dismiss all federal claims, concluding as to the due process claims that LaCoe failed to establish a sufficient property interest because the Contract "does not bind the city to employ her for any period of time." LaCoe, 2022 WL 17485843, at *3. Instead, the Contract agrees to reimburse LaCoe if she remains employed for at least three years and specifically states, "'Nothing contained herein shall be construed as a promise or agreement . . . to retain Samantha LaCoe' . . . for a certain period of time." Id., quoting Section 6. The court dismissed the procedural due process claim against the City because LaCoe "fail[ed] to allege facts sufficient to support municipal liability," and the substantive due process claims because LaCoe "identifie[d] no fundamental right violation or contemporary conscience-shocking conduct." Id. at *7.

LaCoe appeals only the dismissal of her due process property interest claims. Her Statement of Issues presented for review presents two issues for our review. See Fed. R. App. P. 28(a)(5). First, "The District Court erred in determining that the

contract at issue was not a contract nor an ambiguous one." Second, "The District Court did Error in Granting Immunity to the City of Sisseton and to Chief Croymans." These are the only issues we need consider.

## II. The First Issue.

LaCoe claims a property interest in continued employment with the Sisseton P.D., an issue governed by South Dakota law. Referring to the Contract, LaCoe argues "that by acting in reliance upon what was called and referred to as a contract a 14th Amendment Due Process right as to property should be maintained." But under South Dakota law, as the district court recognized, it is not the *existence* of a contract that establishes a due process property interest. After all, every employment relationship is contractual in nature. Rather, the Supreme Court of South Dakota has repeatedly held that a contract of employment, whether express or implied, overcomes the statutory at-will relationship only when it "affirmatively indicates" the employer's intent to surrender its at-will power to terminate an employee at any time and for any reason, for example, when it "adopts a discharge policy that provides termination will occur only for cause." Aberle v. City of Aberdeen, 718 N.W.2d 615, 621-22 (S.D. 2006), citing Hollander, 620 N.W.2d at 185.

As LaCoe is relying on an express contract of employment, the terms of the Contract are determinative. The district court acknowledged the Contract and correctly focused on whether it manifested a clear intent on the part of the Sisseton P.D. to surrender its at-will power to terminate LaCoe at any time and for any reason, which would give LaCoe a due process property interest in her continued employment. The mere "fact that an employment contract is memorialized in writing does not in and of itself constitute a surrender of an employer's statutory at-will power." Aberle, 718 N.W.2d at 622. The employer's intent to reserve its statutory at-will power "does not require the use of any specific language." Id.

LaCoe argues that Section 3 "expressly stated that this is a contract for a term of years not an 'at-will' employment." We disagree. Section 3 provided:

> **Samantha LaCoe** agrees that should she be hired as a police office for the Sisseton Police Department, she will remain in employment of the CITY as a police officer for a minimum of thirty-six (36) months from the date of hire. If she does not remain in employment of the CITY as a police officer for a minimum of thirty-six months from the date of hire, she will reimburse the CITY for any and all costs incurred as enumerated in SECTION 4 below . . . .

By its plain language, Section 3 does not provide for a three-year term of employment. (It does commit LaCoe to remain for three years, but whether that commitment was enforceable is not at issue.) Rather, Section 3 provides that *if* LaCoe does not remain in employment for at least three years, she is obligated to reimburse the City for various expenses enumerated in Section 4 that the City incurs in hiring and training a new police officer, such as uniforms, equipment, Basic Law Enforcement Training, and salary paid during training. Then, Section 6 expressly addresses whether Section 3 establishes a three-year term of employment:

> **Samantha LaCoe** understands that employment with the Sisseton Police Department is contingent upon her completion of a probationary period of twelve (12) months and continued performance to the satisfaction of the Sisseton Police Department. **Nothing contained herein shall be construed as a promise or agreement by either the Sisseton Police Department or the CITY to retain Samantha LaCoe as a police officer for the Sisseton Police Department for thirty-six (36) months or any portion thereof.**

(Second emphasis added.) Nowhere does the Contract explicitly state that LaCoe is terminable for-cause only or otherwise limit the permissible reasons for termination.

Given the clear reservation of the City's statutory at-will termination right in Section 6, we agree with the district court that the three-year term referred to in Section 3 "refer[s] to the amount of time that LaCoe had to work for the Department to avoid repayment of training costs -- not to a period of time that the Department had to employ LaCoe." LaCoe, 2022 WL 17485843, at *3.

LaCoe argues that the language in the contract is ambiguous and therefore the district court erred in granting Defendants' motion to dismiss based on the constitutional property interest issue. "[W]hether ambiguity exists in a contract is a question of law for the court." Butterfield v. Citibank of S.D., N.A., 437 N.W.2d 857, 858 (S.D. 1989). Whatever other ambiguities may be present, the Contract does not "affirmatively indicate" the City's intent to surrender its at-will power to terminate LaCoe at any time and for any reason. Under South Dakota law, the employer's intent to contractually surrender its at-will power must be clear.

For these reasons, we agree with the district court that LaCoe was an at-will employee under South Dakota law and therefore had no due-process-protected property interest in continued employment. Her allegations that she was wrongfully placed on the Brady/Giglio list without an opportunity to respond may support a cause of action under state law -- a question that is not before us and we do not consider -- but absent a protected property interest they do not state a plausible due process claim under 42 U.S.C. § 1983. Thus, the district court did not err in dismissing LaCoe's Fourteenth Amendment due process claims.

### III. The Second Issue.

LaCoe argues the district court erred in dismissing her due process claims against the City because "there is a Pattern and Practice as to the contract and public policy would have the contract upheld." This contention is without merit. LaCoe

-7-

does not explain the reference to public policy and cites no South Dakota case invalidating an at-will employment contract as contrary to public policy.

Section 1983 imposes liability on persons who, acting under color of law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The City may not be held liable under § 1983 if its employees deprived LaCoe of her rights under federal law unless the employees' execution of a City policy or custom caused the injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Los Angeles County v. Humphries, 562 U.S. 29, 31 (2010). Unless a municipal custom or practice itself violates federal law, "[t]here can be no § 1983 or Monell liability absent a constitutional violation by a City or County employee." Leftwich Tr. of Leftwich v. County of Dakota, 9 F.4th 966, 972 (8th Cir. 2021). Moreover, municipal liability is not established simply by showing that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee:

> [A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action [such as inadequate training] has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences.

Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 407 (1997) (cleaned up); see City of Canton v. Harris, 489 U.S. 378, 388-89, 388 n.8 (1989).

For LaCoe's claim against the City to survive a motion to dismiss, her complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Her Complaint does not come close to meeting this standard. First, the alleged federal deprivation was not supported by facts plausibly establishing a due process property interest. Second, while the Complaint names the City as a defendant and seeks relief from the

City (an order requiring "expungement" of LaCoe from the <u>Brady/Giglio</u> list), it states *no* separate municipal liability claim against the City.

Finally, and perhaps most importantly, we agree with the district court that the Complaint "failed to allege any unconstitutional policy or custom that enabled" Defendants to deprive LaCoe of her alleged federal due process rights. LaCoe, 2022 WL 17485843, at * 6; <u>see</u> <u>Dick v. Watonwan County</u>, 738 F.2d 939, 942-43 (8th Cir. 1984). Pressed on this point at oral argument, counsel for LaCoe could only respond that the Complaint plausibly alleged the practice of violating the three-year term in the City's employee reimbursement contracts. That practice was not alleged in the Complaint and in any event is nothing more than a "facially lawful municipal action." For these reasons, the second issue presented for review, if preserved for appeal at all, is without merit.

The judgment of the district court is affirmed.

_____