# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3692
_____

Johnthan Harrigan

*Plaintiff - Appellant*

v.

Osage Beach Police Department; Blair Mullett

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 29, 2024
Filed: May 2, 2024
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

New Jersey resident Johnthan Harrigan appeals the district court's[1] denial of leave to amend his complaint and dismissal of his action raising a 42 U.S.C. § 1983

---

[1]The Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

claim and a common law claim against the Osage Beach Police Department and one of its officers. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court concludes that the district court properly granted judgment on the pleadings. *See Mt. Hawley Ins. Co. v. City of Richmond Heights*, 92 F.4th 763, 766 (8th Cir. 2024) (de novo review). The police department is a municipal sub-entity not amenable to suit. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department is not suable juridical entity). Harrigan did not expressly state he sued the officer in her individual capacity, *see Johnson v. Outboard Marine, Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (plaintiff must expressly state public official is sued in individual capacity); and he failed to state a claim against the officer in her official capacity, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against governmental actor in official capacity treated as suit against governmental entity itself); *Kiefer v. Isanti Cnty.*, 71 F.4th 1149, 1152-53 (8th Cir.) (necessary elements to establish municipal liability under § 1983), *cert. denied* 144 S. Ct. 353 (2023). Further, Harrigan's common law claims were barred by sovereign immunity. *See Poke v. Indep. Sch. Dist.*, 647 S.W.3d 18, 21 (Mo. 2022) (under Missouri law, sovereign immunity applies to all suits against public entities absent express statutory exception or recognized common law exception). Finally, this court concludes that denial of leave to amend was proper. *See Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 957 (8th Cir. 2012) (abuse of discretion review).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____