# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1780

_____

Piper Partridge, Individually as mother and next of kin to Keagan Schweikle and as Special Administratrix of the Estate of Keagan Schweikle; Dominic Schweikle, Individually as father and next of kin to Keagan Schweikle

*Plaintiffs - Appellants*

v.

City of Benton, Arkansas; Kyle Ellison, Individually and as Employee of City of Benton, Arkansas; Kirk Lane, Individually and as Employee of City of Benton, Arkansas

*Defendants - Appellees*

John Does, 1-20, Individually and as Employees of City of Benton, Arkansas

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 17, 2025
Filed: November 10, 2025

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

Benton police officer Kyle Ellison shot and killed Keegan Schweikle. His parents, Piper Partridge and Dominic Schweikle, sued Ellison, the Chief of Police, and the City of Benton, Arkansas, under 42 U.S.C. § 1983 and state law. The district court dismissed the case on the pleadings. This court reversed and remanded in part. *Partridge v. City of Benton*, 929 F.3d 562 (8th Cir. 2019). On remand, the district court granted summary judgment to defendants. This court reversed and remanded. *Partridge v. City of Benton*, 70 F.4th 489 (8th Cir. 2023). At trial, the jury returned a verdict for Ellison, but against the City and Chief Kirk Lane. The district court[1] granted defendants' judgment as a matter of law. The parents appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Partridge called police on October 17, 2016. Her teenage son, Keegan, had gone into the woods holding a gun and threatening suicide. Officer Ellison, Sergeant Ronald Davidson, and Detective Douglas Speer found Keegan in the woods alone.

Ellison ordered Keegan to show his hands. Keegan moved slightly, revealing a gun in his right hand. Ellison drew his weapon and demanded he drop it. Instead, Keegan raised the gun to his right temple. Ellison continued commanding him to drop the gun. As Keegan moved the gun away from his head, Ellison shot and killed him.

The parents sued Ellison and Lane in their individual capacities for, as relevant here, excessive force. They brought related *Monell* claims against the officers in their official capacities and the City, claiming failure to train and failure to adequately investigate prior accusations of excessive force.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Before trial, the defendants moved to bifurcate the proceedings. They requested that the claims against Ellison be tried separately from those against the City and Lane. The court denied the motion.

At trial, the jury found that Ellison did not use excessive force. The foreperson recorded the jury's findings by signing and dating Verdict Form 1. That form instructed the jury to proceed to a special interrogatory. The special interrogatory was not provided to the jury.

The jury found municipal and supervisory liability against the City and Lane under theories of failure to train and failure to investigate prior accusations of excessive force. No party objected to the verdict before the jury was discharged. Defendants did make an oral motion for judgment as a matter of law following the verdict. They later renewed their motion for judgment as a matter of law. The district court agreed, vacating the verdicts. The parents appeal.

## II.

The parents argue the district court erred in granting judgment as a matter of law. "We review *de novo* the grant of a renewed motion for judgment as a matter of law, viewing the evidence in the light most favorable to the verdict." ***Hopman v. Union Pac. R.R.***, 68 F.4th 394, 399 (8th Cir. 2023). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." ***Mattis v. Carlon Elec. Prods.***, 295 F.3d 856, 860 (8th Cir. 2002).

The parents believe that municipal and supervisory liability may exist despite the verdict that Ellison did not violate Keegan's constitutional rights. Controlling precedent forecloses this argument.

*Monell* liability exists "only where the municipality *itself* causes the constitutional violation at issue." ***City of Canton v. Harris***, 489 U.S. 378, 385 (1989), *citing **Monell v. New York City Dep't. of Soc. Servs.***, 436 U.S. 658, 694

(1978). Defendant City of Benton "may be liable under § 1983 for constitutional violations if a violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Leftwich ex rel. Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021). To establish a municipal custom based on the failure to adequately investigate police misconduct, "a plaintiff must show that the municipality acted with deliberate indifference to the rights of persons with whom the officers come into contact." *Perkins v. Hastings*, 915 F.3d 512, 521 (8th Cir. 2019). The same deliberate indifference standard applies to claims of municipal liability based on inadequate police training. *See Canton*, 489 U.S. at 379 (1989).

For supervisory liability, the supervisor must be personally involved in violating a federally protected right, or the supervisor's "corrective inaction" must constitute deliberate indifference to the violation. *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he might see." *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994), *quoting Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

The Supreme Court has held that "neither [*Monell*], nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Id.*

Following *Heller*, this court has recognized the general rule that municipal and supervisory liability cannot attach without a prior finding of individual liability on an underlying substantive claim. *See* the cases listed in the appendix to this opinion.

Invoking *Speer v. City of Wynne*, 276 F.3d 980, 985–86 (8th Cir. 2002), the parents claim that there is no categorical rule requiring automatic dismissal of claims against a municipality or police chief when the individual officer is not found to have committed a constitutional violation. Instead, "the appropriate question under *Heller* is whether a verdict or decision exonerating the individual governmental actors can be harmonized with a concomitant verdict or decision imposing liability on the municipal entity." *Speer*, 276 F.3d at 986.

The *Speer* case itself acknowledges that the automatic dismissal of municipal liability is not required in *every* case if an individual officer is exonerated. *Id*. However, liability may not be imposed where no municipal official or employee committed a constitutional violation. *Id*. *See generally* **Moyle v. Anderson**, 571 F.3d 814, 817 (8th Cir. 2009) (explaining that when a policy itself is constitutional and no underlying constitutional violation occurs, municipal liability cannot attach). *Speer* identifies an exception to the general rule: Liability may attach where no single official or employee is personally liable, but "the combined actions of multiple officials or employees may give rise to a constitutional violation." *Id*. *See also* **S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs**, 725 F.3d 843, 854–55 (8th Cir. 2013) (same).

This is not a *Speer* case. The verdicts here cannot be harmonized because there are no combined actions of multiple officials or employees that could give rise to a constitutional violation. Ellison was the only officer who used deadly force against Keegan. The jury determined he did not use excessive force and did not violate Keegan's constitutional rights. Without a violation by Ellison—or by any combination of officials or employees—there is no basis for imposing municipal or supervisory liability. *See* **Ridgell v. City of Pine Bluff**, 935 F.3d 633, 636 (8th Cir. 2019) ("The verdict establishes as a matter of law that [the officer] did not unlawfully discriminate, so the finding against the City cannot be harmonized unless

there was [a constitutional violation] by some other official or combination of officials.").[2]

The district court properly granted judgment as a matter of law.

* * * * * * *

The judgment is affirmed.

_____

---

[2]The jury was not instructed that finding liability against the City and Lane was inconsistent with finding no constitutional violation by Ellison. Nor was the trial bifurcated, postponing consideration of *Monell* claims until after finding a constitutional violation.

# Appendix

*Aden v. City of Bloomington*, 128 F.4th 952, 960 (8th Cir. 2025) ("The supervisory officers did not commit a constitutional violation; therefore, the City of Eagan is not subject to *Monell* liability.").

*Jones v. Faulkner Cnty.*, 131 F.4th 869, 876 (8th Cir. 2025) ("[A]bsent a constitutional violation by a county employee, there can be no § 1983 or *Monell* liability for the County.").

*Green v. City of St. Louis*, 134 F.4th 516, 526 (8th Cir. 2025) ("As we are upholding the dismissal of Officer Green's individual claims against Officer Tanner, there was no constitutional violation and no error in granting summary judgment to the City.").

*Torgerson v. Roberts Cnty.*, 139 F.4th 638, 646 (8th Cir. 2025) ("Absent a constitutional violation' by a County employee, there can be no § 1983 or *Monell* liability.").

*Davenport v. City of Little Rock*, 142 F.4th 1036, 1044 (8th Cir. 2025) ("'Absent a constitutional violation by a city employee, there can be no § 1983 or *Monell* liability for the City.").

*Brown v. City of Dermott*, 151 F.4th 985, 991 (8th Cir. 2025) ("Since his First or Fourth Amendment rights were not violated, Brown cannot maintain a § 1983 claim against the City.").

*Stearns v. Wagner*, 122 F.4th 699, 704 (8th Cir. 2024) ("Because Stearns's constitutional rights were not violated, his *Monell* claim fails.").

*Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) ("Absent a constitutional violation by a city employee, there can be no § 1983 or *Monell* liability for the City.").

*Brabbit v. Capra*, 59 F.4th 349, 354 (8th Cir. 2023) ("Because there is no cognizable constitutional violation, there is no basis for *Monell* liability.").

***Leonard v. St. Charles Cnty. Police Dep't***, 59 F.4th 355, 363 (8th Cir. 2023) ("[T]he lack of a constitutional violation means there can be no § 1983 or *Monell* liability.").

***Kiefer v. Isanti Cnty.***, 71 F.4th 1149, 1154 (8th Cir. 2023) ("Without a constitutional violation, there can be no § 1983 liability.").

***Smith v. Lisenbe***, 73 F.4th 596, 601 (8th Cir. 2023) ("[A] local government can be held liable for a constitutional violation, but it cannot be liable unless there was an unconstitutional act by one of its employees.").

***LaCoe v. City of Sisseton***, 82 F.4th 580, 586 (8th Cir. 2023) ("Unless a municipal custom or practice itself violates federal law, there can be no § 1983 or *Monell* liability absent a constitutional violation by a City or County employee.").

***Bloodworth v. Kansas City Bd. of Police Comm'rs***, 89 F.4th 614, 628 (8th Cir. 2023) ("[T]hese [*Monell*] claims clearly fail because, as we have explained, Bloodworth failed to establish a constitutional violation . . . .").

***Leftwich ex rel. Leftwich v. Cnty. of Dakota***, 9 F.4th 966, 972 (8th Cir. 2021) ("There can be no § 1983 or *Monell* liability absent a constitutional violation by a City or County employee.").

***Irvin v. Richardson***, 20 F.4th 1199, 1209 (8th Cir. 2021) ("The district court granted summary judgment dismissing the individual capacity claims against Chief Jerman and the official capacity claims . . . against the City because, absent a constitutional violation by the police officers, these defendants cannot be held liable for failure to train their officers. We agree.").

***Stockley v. Joyce***, 963 F.3d 809, 823 (8th Cir. 2020) ("[W]e need not consider whether [the Circuit Attorney's] public statements provide the basis for the *Monell* claim because we have already determined that this conduct did not violate Stockley's constitutional rights.").

***Kingsley v. Lawrence Cnty.***, 964 F.3d 690, 703 (8th Cir. 2020) ("Because we have already determined that the individual officers' conduct did not violate Kiman's constitutional rights, Lawrence County is entitled to summary judgment on Kiman's *Monell* claim.").

***K.W.P. v. Kansas City Pub. Sch.***, 931 F.3d 813, 829 (8th Cir. 2019) ("Because we hold that no violation of K.W.P.'s constitutional rights occurred, we necessarily hold that the district court erred in denying summary judgment to KCPS on K.W.P.'s municipal liability claim for failure to train and supervise its school resource officers on the use of handcuffs on young children.").

***Meier v. St. Louis***, 934 F.3d 824, 829 (8th Cir. 2019) ("Municipal liability requires a *constitutional violation* by a municipal employee . . . .").

***Whitney v. City of St. Louis***, 887 F.3d 857, 861 (8th Cir. 2018) ("[A]bsent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City.").

***Webb v. City of Maplewood***, 889 F.3d 483, 486 (8th Cir. 2018) ("As the City notes, we have stated in the past that it is a general rule that for municipal liability to attach, individual liability first must be found on an underlying substantive claim.").

***Malone v. Hinman***, 847 F.3d 949, 955 (8th Cir. 2017) ("Because we conclude that [the officer] did not violate Malone's constitutional rights, there can be no § 1983 or Monell liability on the part of [the chief] and the City.").

***Mendoza v. U.S. Immigration & Customs Enf't***, 849 F.3d 408, 420 (8th Cir. 2017) ("[T]he claims against [the Sheriff] and the County automatically fail for lack of an underlying constitutional violation.").

***White v. Jackson***, 865 F.3d 1064, 1075 (8th Cir. 2017) ("Municipal liability will not attach unless individual liability is found on an underlying substantive claim.").

***Corwin v. City of Independence.***, 829 F.3d 695, 700 (8th Cir. 2016) ("[I]n light of our upholding of the grant of summary judgment to the individual defendants on [the plaintiff's] underlying substantive claim, municipal liability cannot succeed as a matter of law.").

***Schoettle v. Jefferson Cnty.***, 788 F.3d 855, 861–62 (8th Cir. 2015) ("We have long held that neither municipal nor supervisory liability may attach in section 1983 actions unless individual liability is first found on an underlying substantive claim.").

*Folkerts v. City of Waverly*, 707 F.3d 975, 983 (8th Cir. 2013) (finding that without an underlying constitutional violation, no § 1983 or *Monell* liability can attach).

*Carpenter v. Gage*, 686 F.3d 644, 651 (8th Cir. 2012) ("Without a showing that the deputies violated the Constitution, however, there can be no liability for failure to train.").

*Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011) ("Because [the plaintiff] failed to establish [the officer] violated Moore's constitutional rights, Moore cannot maintain this action against either [the Chief] or the city.").

*Sitzes v. City of W. Memphis*, 606 F.3d 461, 470 (8th Cir. 2010) (agreeing with the district court that plaintiffs' failure to train and failure to supervise claims "could not be sustained absent an underlying constitutional violation by the officer").

*Cook v. City of Bella Villa*, 582 F.3d 840, 853 (8th Cir. 2009) ("Absent a constitutional violation, there can be no municipal liability.").

*Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell* failure to train municipal liability.").

*Hassan v. City of Minneapolis*, 489 F.3d 914, 920 (8th Cir. 2007) (finding that without an underlying constitutional violation by the individual officers, there can be no § 1983 or *Monell* liability).

*Hayek v. City of St. Paul*, 488 F.3d 1049, 1055 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell* . . . municipal liability.").

*Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) ("[N]o Van Buren County defendant is individually liable for an underlying substantive claim. Therefore, the County cannot be held liable under § 1983.").

*McVay v. Sisters of Mercy Health Sys.*, 399 F.3d 904, 909 (8th Cir. 2005) ("Since we have found that [the officer's] actions were not unconstitutional, McVay cannot make a prima facie case against the City under section 1983.").

***McCoy v. City of Monticello***, 411 F.3d 920, 922 (8th Cir. 2005) ("Officer Ouelette's act of drawing his gun was objectively reasonable, and the accidental discharge did not constitute an unreasonable seizure violating McCoy's constitutional rights. Therefore, the City cannot be held liable on either an unconstitutional policy or custom theory or on a failure to train or supervise theory.").

***Turpin v. County of Rock***, 262 F.3d 779, 784 (8th Cir. 2001) (because summary judgment was granted in favor of officers, the county likewise was entitled to summary judgment).

***Veneklase v. City of Fargo***, 248 F.3d 738, 748 (8th Cir. 2001) (en banc) ("[W]here arresting police officers are absolved of liability to arrestees, the City ordinarily is not liable.").

***Williams v. Davis***, 200 F.3d 538, 539 (8th Cir. 2000) ("Absent a constitutional violation, there was no basis for section 1983 liability on the part of the other defendants.").

***Thomas v. Dickel***, 213 F.3d 1023, 1026 (8th Cir. 2000) ("Because we have found that the officers' stop of the plaintiffs' car did not violate their fourth amendment rights, it follows that the plaintiffs' claim against the city (inadequate training and municipal custom) must likewise fail.").

***Roe v. Humke***, 128 F.3d 1213, 1218 (8th Cir. 1997) ("Because there was no underlying violation of Doe's constitutional rights by a state actor, however, her claim against [the officer] necessarily fails.").

***Eagle v. Morgan***, 88 F.3d 620, 628 (8th Cir. 1996) (Because the officers' conduct did not violate plaintiff's constitutional right to privacy, the related claims against the city are disposed of).

***Abbott v. City of Crocker***, 30 F.3d 994, 998 (8th Cir. 1994) ("The City cannot be liable in connection with . . . the excessive force claim . . ., whether on a failure to train theory or a municipal custom or policy theory, unless Officer Stone is found liable on the underlying substantive claim.").

*Parrish v. Luckie*, 963 F.2d 201, 206 (8th Cir. 1992) ("[A] claim against an actor in his official capacity fails when the jury determines that the plaintiff's constitutional rights were not violated.").

*Robinson v. City of St. Charles*, 972 F.2d 974, 977 (8th Cir. 1992) ("The Robinsons have no § 1983 claim against the City because the jury determined that their constitutional rights were not violated by the police officers.").

*Reynolds v. City of Little Rock*, 893 F.2d 1004, 1007 (8th Cir. 1990) ("The necessary predicate for liability of the City and individual supervisors, however, is a finding that [the officers] who shot [the plaintiff] used excessive force under the circumstances.").

*Swink v. City of Pagedale*, 810 F.2d 791, 795 (8th Cir. 1987) (jury verdict for the officers mooted the jury's finding for the City).

*Clay v. Conlee*, 815 F.2d 1164, 1169 (8th Cir. 1987) (with no violation of Clay's constitutional rights, the county could not be held liable).

*Hannah v. City of Overland*, 795 F.2d 1385, 1392 (8th Cir. 1986) ("In view of the jury verdict in favor of defendants Coffell and Crump, which necessarily meant that Hannah's constitutional rights were not violated, there can be no liability on the part of the other defendants who were granted directed verdicts since their liability was predicated on the underlying liability of Crump and Coffell.").